564 KENTUCKY REPORTS. [Vol. 118

City of Louisville v. Gast et al. Gast et al v. Brand et al.

CASE 71—SEPARATE ACTIONS BY THE CITY OF LOUISVILLE AGAINST
JACOB GAST AND OTHERS, AND BY JACOB GAST AND OTHERS AGAINST
JOHN H. BRAND AND OTHERS INVOLVING THE QUESTION AS TO
WHETHER THE CITY COUNCIL OF CITIES OF THE FIRST CLASS HAVE
AUTHORITY TO PASS TWO OR MORE SEPARATE ORDINANCES FOR
STREET CONSTRUCTION THERE BEING NO OBJECTION THERETO BY
ANY MEMBER.—JUNE 18.

# City of Louisville v. Gast & Others.
# Gast & Others v. Brand & Others.

APPEAL FROM JEFFERSON CIRCUIT COURT CHANCERY BRANCH (1st DIV.)—
SHACKELFORD MILLER, JUDGE.

JUDGMENT FOR DEFENDANTS AND PLAINTIFFS APPEAL. REVERSED.

MUNICIPAL CORPORATIONS—STREET IMPROVEMENT—ORDINANCES—VALID-
ITY—ESTOPPEL.

Ky. St. 1903, secs. 2777, 2826, 2834, provide that no ordinance
shall be passed until it shall have been read in full in each
board, and free discussion allowed; that no ordinance shall pass
both boards on the same day; that no ordinance shall embrace
more than one subject, which shall be expressed in its title; and
that no ordinance shall be altered or amended in any way, except
by repealing it. Section 2826 declares that no public way shall
be opened or constructed except by ordinance recommended by
the board of public works. Section 2834, provides that payments
of apportionment warrants may be enforced upon the property
bound therefor by proceedings in court, and no error in the
proceedings of the general council shall exempt from payment
after the work has been done as required by either the ordinance
or contract. Section 2773, declares that each board shall keep a
correct journal of its proceedings, and immediately after the ad-
journment of each session the proceedings thereof shall be pub-
lished once in one English and one German daily paper having
the largest permanent circulation. HELD, that after completion
of a street improvement, the fact that the ordinance authorizing
it and another ordinance for a street improvement were passed
without objection by the council on the same day is no defense
to an action to recover on an apportionment warrant.

City of Louisville v. Gast et al.  Gast et al v. Brand et al.

WILLIAM FURLONG, DuRELLE & McHENRY FOR GAST &
GOSNELL.  H. L. STONE, FOR CITY OF LOUISVILLE.

## POINTS AND AUTHORITIES.

1. The passage of the ordinance by a call of the yeas and nays
was valid, although it was passed by the same vote·as ·other ordi-
nances.   Ky. Stat. sec. 2777.

2. If the charter, when properly construed, requires the pass-
age of each ordinance separately by a separate call of the yeas
and nays, this requirement is directory.   Ky. Stat. secs.   2826,
2804, 2777, 2773, 2774; Reed .v. City, 22 R., 1636; Woodruff v.
Stewart, 63 Ala., 215; McQuillin, Mun. Ord. sec. 116; State v.
Green, 37 Ohio St., 227; Wright v. Forestal, 65 Wis., 341; Ky,
Stat., sec. 2834; Broadway Baptist Church v. McAtee, 8 Bush,.
515; Fehler v. Gosnell, 18 R., 241.

3. The records of the legislative body, called the General
Council of the city of Louisville, are conclusive of the verity of
the statements contained therein.   McQuillin Mun. Ord., sec. 128,
129; 51 Ala., 507; Taylor v. Beckham, 21 R., 1741; Louisville
v. Hyatt, 2 B. Mon., 181; Louisville v. Hyatt, 5 B. Mon., 221;
Louisville v. Gordon, Burnett's Code, 360; Clark v. Enochs, March
29, 1875, MSS.; Becker v. Henderson, 18 R., 885; Covington v.
Sullivan, 19 R., 1884; Bybee v. Smith, 22 R., 1684; Fineran v.
Central Bithulitic, 25 R., 879; Shinkle v. Covington, 83 Ky., 420;
Covington v. Ludlow, 1 Met., 298; Lexington v. Headley, 5 Bush,
511; Louisville v. McKegney, 7 Bush, 653; Nevin v. Roach, 86
Ky., 496; Lock v. Commonwealth, 15 R., 843; L. St. L. & T. R. R.
v. Newsome, 13 R., 174; Dillin Munc. Corp., 4 Ed., secs. 299, 300;
Smith's Modern Law of Municipal Corporations, secs. 1369, 1370.

4. Even if the mode adopted by the council for the passage
of the ordinance was improper, the ordinance can not be made
the subject of collateral attack because thereof.   McQuillin Munc.
Ord., 279; Parker v. Catholic Bishop of Chicago, 146 Ill., 158;
Indianapolis v. Gas Co., 150 Ind., 252; Petersburg v. Crown Point,
150 Ind., 555.

5. After the work is done in accordance with the ordinance
and contract, it is too late for any one to raise this objection. Sec.
2834, Ky. Stat.; Broadway Baptist Church v. McAtee, 8 Bush,
515; Fehler v. Gosnell, 18 R., 241.

6. If the verity of the council's records can be collaterally
attacked, the city, which made and·published them as true, is es-
topped from denying their validity.   Bissell v. Jeffersonville, 24
How., 287; Troy v. Atchison, 13 Kansas, 70; 1 Dillon, Munc.
Corp., 529; Hitchcock v. Galveston, 96 U. S., 341; 1 Dillon Munc.
Corp., 531; Knox v. Aspinwall, 21 How., 539; Karney v. Coving-

566      KENTUCKY REPORTS.      [Vol. 118

City of Louisville v. Gast et al.    Gast et al v. Brand et al.

ton, 1 Met., 339; Louisville v. Hyatt, 5 B. Mon., 199; Memphis v. Brown, 20 Wall., 289; Barber Co. v. Harrisburg, 64 Fed. Rep., 183; Chicago v. People,, 56 Ill., 327; Maher v. Chicago, 38 Ill., 272; Fisher v. St. Louis, 44 Mo., 482; Scofield v. Council Bluff, 68 Iowa, 195; Craycroft v. Selvage, 10 Bush, 704; McQuillin Munc. Ord., 352, 278; People v. Maxton, Smith Munc. Corp. 1671; Nicholasville Water Co. v. Nicholasville, 18 R., 592; Louisville v. Leatherman, 99 Ky., 216; City v. Nevin, 10 Bush, 550; City v. McNaughton, 19 R., 1695; Louisville v. Bitzer, 24 R., 2265.

If the facts constituting an estoppel appear in the pleadings, the estoppel can be taken advantage of by demurrer.    8 Ency. Plead. and Prac., 7, 9; Hansom v. Buckner, 4 Dana, 254; Burdit v. Burdit, 2 Marshall, 144; Barber v. Garr, 24 R., 2227.

LANE & HARRISON, FOR APPELLEE.

## PROPOSITIONS INVOLVED.

1. The liability of abutting lands for the cost of improvement by original construction, the carriage way of streets in a city of the first class depends upon the ordinance providing therefor. Unless the necessity for such an improvement and the kind and character of material to be used in its construction be ascertained and determined by an ordinance of the local Legislature, there is no liability whatever upon abutting lands for the cost of such improvement.    Sections 2826 and 2834, Kentucky Statutes; Richardson v. Mehler, 23 Ky. Law Rep., 921; Henderson v. Lambert, 14 Bush, 28; Murray v. Tucker, 10 Bush, 240; Hydes v. Joyce, 4 Bush, 464.

2. Such ordinance must be passed by each board of the general council. A passage by one board is not sufficient, nor is the passage by any less number than that required by the statute effective (22 Ky. Law Rep., 1129); and in passing such an ordinance the limitations and conditions annexed to the grant of power must be respected and complied with, otherwise the power to impose the burden is not vitalized.    (19 Ky. Law Rep., 1884; 84 Ky., 13.)

3. It is not competent for either board of the general council to bunch or group together various separate and distinct ordinances, each having a separate and distinct title, and each relating to separate, distinct and disconnected subjects, and then pass them all by one and by only one and the same vote. The statute contemplates and requires each member of the legislative board to exercise deliberation and to render judgment singled upon each proposed ordinance, and the organic law to which

,Vol. 118]. APRIL TERM, 1904. 567

City of Louisville v. Gast et al.  Gast et al v. Brand et al.

the municipality owes its existence, restricts an ordinance to one subject, and that subject to be expressed in its title, and by implication as strong as express language could make it requires that each proposed ordinance shall have a separate and distinct trial for its life. Section 2777, Kentucky Statutes; Cooley on Constitutional Limitations, Note p. 141; Christian County v. Smith, 11 Ky. Law Rep., 834; Worthington v. Covington, 82 Ky., 268; Roder v. The Township, 39 N. J. L., 512; Hope v. Gainesville, 72 Georgia, 249; Wheeler v. Green, 36 Fla., 174; Cahoon v. Iron Gate, 92 Va., 370; Walker v. Griffith, 60 Ala., 369; St. Louis v. Tiefel, 42 Mo., 590; O'Leary v. Cook County, 28 Ill., 542; Chicago v. Frazer, 60 Ill., App., 440; McReynolds v. Smallhouse, 8 Bush, 543; Lincoln v. Grant, 57 Neb., 75; Messenger, v. State, 25 Neb., 677.

4. When the foundation therefor is laid in the pleadings it is competent to prove that the entries in the records of municipal bodies and taxing boards are not true, and whenever a step is required to be taken in the course of any proceedings to impose a liability, charge or assessments, and which step is a jurisdictional one, it is not in the power of the Legislature to preclude judicial investigation into the question as to whether or not such step was taken. Sections 3760, 2770 and 2773, Kentucky Statutes; High on Injunctions, secs. 524-5-6-7 and 8; Cooley on Taxation, 1st Ed., 543; Desty on Taxation, p. 1423; McGill v. St. Paul, 30 Minn., 298; Limbale v. St. Paul, 20 Minn., 511; Ewing v. St. Louis, 5 Wallace., 413; State v. Aldridge, 66 Ohio State, 604; Westen v. Syracuse, 158 N. Y., 289; Louisville v. Cochran, 82 Ky., 24; Abbott v. Lindenbauer, 42 Mo., 166; McGuire, v. Henry, 84 Ky., p. 10; Allen v. Armstrong, 16 Iowa, 508; Louisville v. Hyatt, 2 Ben. Monroe, 181; Louisville v. Hyatt, 5 Ben Monroe, 221; Louisville v. Gordon, MSS., Opin., April 3, 1873; Brannon v. Gleason, 14 Ky. Law Rep., 109; Becker v. Henderson, 100 Ky., 458.

OPINION OF THE COURT BY JUDGE BARKER—REVERSING.

This record presents the sole question as to whether or not the general council of cities of the first class have the power to pass two or more separate and distinct ordinances for original construction of public highways at the same time, there being no objection thereto by any member. The statutory law regulating the subject in hand is contained in the following sections of the Kentucky Statutes of 1903:

"Section 2777. No ordinance shall be passed until it shall have been read in full in each board and free discussion allowed thereon, and no ordinance shall pass both boards on the same day. No ordinance shall embrace more than one subject, and that shall be expressed in its title. No ordinance shall be altered or amended in any way, except by repealing it.'"

"Section 2826. No public way shall be opened, narrowed, closed, or constructed, and no sidewalk shall be constructed or reconstructed, and no public wells or cisterns shall be dug and walled, except by ordinance recommended by the board of public works."

"Section 2834. . . . Payments (of apportionate warrants) may be enforced upon the property bound therefor by proceedings in court; and no error in the proceedings of the general council shall exempt from payment after the work has been done as required by either the ordinance or contract. . . ."

There is no inhibition in the statutes against the final passage of two or more ordinances at the same time and by the same vote, although the legislative requirement as to the passage of ordinances is set forth with minute particularity in the statutes above quoted. It will be observed that no ordinance for the original construction of public highways can be enacted, except upon the recommendation of the board of public works (section 2836); that it shall not be passed until it shall have been read in full in each board, and free discussion allowed thereon, nor shall it pass both boards on the same day; that it shall not embrace more than one subject, and that it shall be expressed in its title; that it shall not be altered or amended in any way, except by repealing it (section 2777); and, if it be for an original improvement, it shall not pass both boards of the

general council at the same meeting, and at least two weeks shall elapse between its passage from one board to the other (section 2834). With the legislative will in regard to the passage of ordinances expressed with such minute particularity, it is inconceivable that, if it was intended that two or more ordinances should not be grouped together and passed by one vote, this prohibition would not have been expressly enacted.

In McQuillin on the Law of Municipal Ordinances, section 116, it is said: "The council generally acts by vote. In the absence of express provision, the vote may be given in any form which clearly expresses the will of the members. It may be by ballot, by resolution, by the adoption of a verbal motion, or in any other manner. 'A vote is but the expression of the will of a voter, and', whether the formula to give expression to such law be a ballot or *viva voce*, the result is the same. Either is a vote.' Departure from the form described for corporate action, as in the passage of an ordinance, will not affect the validity of such action, unless the charter of governing law makes such formality vital, as by declaring the action or ordinance void unless the form prescribed be followed." In the case of Wright v. Forrestal, 65 Wis., 349, 27 N. W., 54, on this subject it was said: "Nor do we think the fact that the resolution was voted upon at the same time a vote was taken upon other resolutions vitiates the vote, and that therefore the resolution was never adopted by the council. All who have any knowledge of the proceedings of legislative bodies know that the practice adopted by the common council of the city of Milwaukee is a common practice in both branches of the Legislature of this State, and of other States. To hold that this resolution was not adopted by the common council for the reason stated would invalidate a very considerable part

570 KENTUCKY REPORTS. [Vol. 118

City of Louisville v. Gast et al. Gast et al v. Brand et al.

of the acts of our Legislature. The practice may not be one to be approved, but we are unable to say that it is not a lawful practice. The statute does not say that a separate vote shall be taken and recorded upon each resolution or act passed by the council, but that 'the vote on the passage of every such resolution shall be taken by yeas and nays, and duly entered in the journal of proceedings.' Here the vote was taken on the resolution in the proper way, and the yeas and nays were entered, etc., as required by law. . . . If it be desirable that a separate vote should be taken upon resolutions of this nature by the common council, it is very easy for the Legislature to so expressly direct." This was said in a case involving the enforcement of a lien for the cost of street improvements. In the absence of an express statutory declaration prohibiting the passage of ordinances in the manner complained of in this case, we should hesitate to hold the ordinance involved herein void upon the ground contended for by appellees. But we do not mean to be understood as holding that, if a member objects, two or more ordinances may be lawfully voted on at one and the same time.

But we are not required to rest this case wholly upon the foregoing principles. By section 2834 it is expressly provided that "no error in the proceedings of the general council shall exempt from payment after the work has been done as required by either the ordinance or contract." Substantially, the question involved here arose in the case of Broadway Baptist Church, et al. v. McAtee, etc., 8 Bush, 508, 8 Am. Rep., 480. In that case it was said: "It may well be doubted whether the general council did nor err in failing to give the property owners an opportunity of having the improvement made by private contract. But the ordinance under which the work was done was a matter of public

record, and every citizen or property holder to be affected had constructive notice of its adoption, and from the time the contractors commenced work, it may be assumed that the appellants had actual notice not only of the ordinance, but of the contract under which the work was being done. It does not appear that either of them labored under any legal disability. If it was their intention to rely upon this alleged error as a defense to the claims the contractors would have against them for the assessments provided for by the ordinance to pay the cost of the improvement, it was their duty to have notified them of such intention. Under the circumstances, it is peculiarly proper that the provision of the charter, to the effect that 'no error in the proceedings of the general council shall exempt from payment after the work is done as required by ordinance or contract' should be applied to them. By failing to speak when it was their duty to do so, they must be held to have waived the right intended to be secured to them by the charter, of making the improvements, for the cost of which they were bound, by private contract. We are of opinion that ordinances providing for the construction or reconstruction of public ways at the cost of property owners are not embraced by the provisions of the sixty-seventh section of the charter. But if they were, the error in failing to vote upon the ordinance under which this improvement was made, on two different days, is one which comes within the curative provision of section 12, just referred to. Ordinances providing for the improvement of streets, under the peculiar provisions of the charter of Louisville, are not void merely because the general council fails to follow strictly its delegated powers. Under the general rule of construction, the authority delegated to municipal corporations is to be strictly construed, and must be closely pursued. (Citing authorities.) But the

572 KENTUCKY REPORTS. [Vol. 118

City of Louisville v. Gast et al. Gast et al v. Brand et al.

sovereign power that delegates this authority may, when it sees proper, change or abrogate this rule of construction. So far as the improvement of public ways in Louisville, and the assessment of taxation to pay the cost thereof, are concerned, this rule is abrogated, and a different one prescribed, by the provision in question." The law which this opinion construed was in all material respects the same as that under which the question at bar arose. The very end to be obtained by the enactment that "no error in the proceedings of the general council shall exempt from payment after the work has been done as required by either the ordinance or contract" was the prevention of such questions as the one presented by this record. In order that the citizens and property owners may be fully advised as to the passage of ordinances, it is provided by section 2773, Ky. St., 1903, that "each board shall keep a correct journal of its proceedings, and immediately after the adjournment of each session the proceedings thereof shall be published once in one English and one German daily paper printed in the city and having the largest permanent circulation in said city," and, by section 2774, "all ordinances shall be published in like manner as the proceedings of the general council." These provisions are carried into effect at great expense, and are manifestly for the protection of those to be affected by municipal legislation, and they cast upon the citizen the duty of keeping himself advised as to the proceedings of the municipal legislature, to object to legislation adverse to his interests, and to point out irregularities and deviations from statutory requirements before they have been put in force. And this is especially true of the enforcement of ordinances for the original construction of public ways. It was clearly the intention of the Legislature, if property owners failed to object to the enforcement of an ordinance

for the improvement of public ways in front of their property before the work was done by the contractor, to shut off all irregularity in the preliminary steps as a defense to his demand for payment after he has performed his work according to the terms of the ordinance and the contract. This being true, as the work has been done according to the terms of the ordinance and contract, the answer of appellees presented no defense to the cause of action set up in the petition of appellant Gast, and both his and the city's demurrers should have been sustained.

Wherefore the judgment, both as to the city and to Jacob Gast, is reversed, with directions to sustain the demurrers to the answer, and for further proceedings consistent herewith.

Petition by appellee for rehearing overruled.