CASE 5.—ACTION BETWEEN WM. C. MUDGE AND OTHERS
AND G. P. WALKER AND OTHERS INVOLVING THE
LIABILITY OF ABUTTING PROPERTY OWNERS
FOR THE COST OF STREET IMPROVEMENT.

## Mudge, &c., v. Walker, &c.

Appeal from Kenton Circuit Court.

W. McD. Shaw, Circuit Judge.

From the judgment plaintiffs appeal. Affirmed.

1. Street Improvements—Sidewalks—Reconstruction—Liability of
Abutting Owners—Under Kentucky Statutes, section 3096,
providing for the construction or reconstruction of the streets,
alleys and other public ways and sidewalks of cities of the
second class, where it is made to appear that the new side-
walk to be made of artificial stone was to take the place of
a brick one previously constructed, the improvement contem-
plated is a reconstruction of the sidewalk, and two-thirds of
the members elect of each board of the general council having
voted for the ordinance providing for such reconstruction it
was legally enacted, and the abutting property owners are
liable for the cost of the improvement.
2. General Council—Discretion—Work Completed—Failure of
Property Owners to Object—The general council is the judge
as to the necessity of sidewalks, and may in its discretion order
a brick one to be taken up and one of artificial stone put in
its place at the cost of the property owners, and although the
improvement may not have been completed according to con-
tract, where the property owners stood by and saw the work
completed, it is too late then to complain.

BYRNE & READ for appellants.

### AUTHORITIES CITED.

Section 13 of the Constitution of Kentucky; Kentucky Statutes,
section 3096; City of Catlettsburg v. Calf., 74 S. W. Rep., p. 1064;
Adams v. the City of Ashland, 80 S. W. Rep., p. 1105; McHenry v.

Mudge, &c. v. Walker, &c.

Selvage et al, 35 S. W. Rep., p. 645; Armsby v. Jamison, 9 Ky. Law Rep., p. 325; Boone, Trustee, &c., v. Gleason, &c., Ky. Law Rep., Vol. 5, p. 169; Boone, &c., v. Gleason, Ky. Law Rep., Vol. 4., p. 1001; City of Covington v. Brinckman, 79 S. W. Rep., p. 234; City of Henderson v. McClain, 43 S. W. Rep., p. 709; Dumesneil v. Louisville Artificial Stone Co. (two cases), Armsby v. same (two cases), Nichols v. same (Ky)., 58 S. W. Rep., 371; Barfield et al v. Gleason et al, 63 S. W. Rep., p. 964; Kimberger et al v. Beitzer et al, 63 S. W., p. 968; Baptist Church v. McAtee, 8 Bush, p. 517.

F. J. HANLON, City Solicitor, for appellees.

CITATIONS.

Section 3096, Kentucky Statutes.

RULE OF CONSTRUCTION.

Dillon on Municipal Corporations, Vol. 1, p. 148, section 91; Encyclopaedia of Law, Vol. 26, p. 618, 619, etc.; Long v. Culp, 14 Kan., 412, citing Griffith v. Carter, 8 Kan., 565; section 3096, Ketnucky Statutes; Barbour v. City of Louisville, 83 Ky,. 95; Fisher v. Kolerts, 16 B. Mon., p. 407; Ohio Insurance Co. v. Debolt, 16 Howard, p. 435; Del. R. R. Co., tax cases, 18 Wallace, 226; Erie R. R. Co. v. Penn., 21 Wallace, 198; Tenn. v. Whitworth,117 U. S., 136; New Orleans R. R. Co. v. City of New Orleans, 143 U. S., 195.

THE SECOND PARAGRAPH OF PETITION.

Section 3096, Kentucky Statutes.

THIRD PARAGRAPH AND AMENDED PETITION.

Preston v. Roberts, 12 Bush, 570; Barbour Asphalt v. Carr, 24 Reporter, p. 2227; Cooper v. Nevin, 90 Ky., 85; Fehler v. Gosnell, 99 Ky., 388; Preston v. Roberts, 75 Ky., 570; Fehler v. Gosnell, 99 Ky. Law Rep., 380; Richardson v. Mehler, 23 Ky. Law Rep., 917; Elliott on Roads and Streets, section 590.

THE AMENDED PETITION.

Trustees of Hazelgreen v. McNabb, 23 R., 811; Backworth v. Louisville Artificial Stone Co., 20 R., 1789; Purdy v. Drake, 17 R., 279; section 3096 of the Kentucky Statutes.

OPINION BY JUDGE PAYNTER—Affirming.

The general council of the city of Covington enacted an ordinance providing for the reconstruction of the sidewalks on Eighth street, between Greenup and Russell streets. The material to be used was artificial stone. The general council also assessed the whole cost of the improvement against the property fronting and abutting on the sidewalk. The question involved is, are the abutting property owners liable for the cost of the improvement? The property owners resisted the payment of the cost of the sidewalk upon the following grounds: (1) That the improvement was original construction, and the owners of the abutting property did not petition the general council to have it made; (2) that if it is not original construction, and only a reconstruction, they are liable for only one-half of its cost; (3) the contractor failed to perform the work according to contract and specifications; (4) that there was a good sidewalk of brick, consequently no necessity for the improvement, and to require them to build the sidewalks was an act of spoliation.

We will not consider the questions in the order in which they are stated. Most of the questions raised will be determined by the ascertainment of the meaning of section 3096, Ky. Stats., 1903, which reads as follows: "The general council may, by ordinance, provide for the construction or reconstruction of the streets, alleys and other public ways and sidewalks, or parts thereof, of the city upon the petition of the owners of a majority of the front or abutting feet of real estate abutting on such proposed improvement, or without a petition by a vote of two-thirds of the

members-elect of each board of the general council. But when such original construction is to be made with brick, granite, asphalt, concrete or other improved material or paving, it shall be made only upon the petition of the owner or owners of at least two-thirds of the front or abutting feet of real estate abutting such improvement. Such original construction of public ways shall be made at the exclusive cost of the owners of the real estate on such improvement; and such reconstruction of such ways shall be made one-half at the cost of the owners of the real estate abutting on such improvement, and the other half at the cost of the city. Such cost of construction and re-construction which is to be paid by the property owners shall be apportioned among and assessed upon the lots or parcels of real estate abutting on such improvement according to the number of front or abutting feet. There shall be a lien upon such lots or parcels of real estate for the part of the cost of such improvement so assessed thereon, and the same shall bear interest from the time of the assessment. All such liens may be enforced by action. The city shall pay the cost of the improvement of intersections of public ways. The cost of making sidewalks, including curbing, whether by original construction or reconstruction, shall be apportioned to the front foot as owned by the parties respectively fronting said improvement, and paid by them. Such cost shall be assessed as the cost of construction of streets, and there shall be a like lien for such assessments enforcible in like manner.''

By this section the general council may by ordinance provide for the construction or reconstruction of streets, alleys, and other public ways and side-

walks upon the petition of the owners of a majority of front feet of the land abutting upon the proposed improvement, or without a petition by a vote of two-thirds of the members-elect to the general council. If the improvement is original construction with brick, granite, asphalt, concrete, or other improved material for paving, then the general council can only provide for it when the owner or owners of at least two-thirds of the fronting or abutting feet petition for such improvement. If the improvement is by original construction of public ways, the cost of it is to be paid by the owners of the real estate abutting on it. If it is reconstruction of public ways, one-half of the cost is to be paid by the owners of the abutting property, and the other half by the city. Part of section 3096 reads as follows: "The cost of making sidewalks, including curbing, whether by original construction or reconstruction, shall be apportioned to the front foot as owned by the parties respectively fronting said improvement, and paid by them." In the section the General Assembly treated streets and alleys and like thoroughfares as public ways, and did not designate sidewalks as public ways. So, in making provisions for the improvement of public ways, it made clear the purpose that in one instance they were to be paid by the abutting property owners and in the other by the abutting owners and the city. In providing for the payment of the cost of making sidewalks, including curbing, the abutting property owners are required to pay for the improvement, whether it is original or reconstruction. Our conclusion is that the General Assembly intended that the abutting property owners should pay the cost of sidewalks.

It is made to appear that the new sidewalk was to take the place of a brick one previously constructed. Therefore, the improvement contemplated is. a reconstruction of the sidewalk, and, two-thirds of the members-elect of each board of the general council having voted for the ordinance, it was legally enacted.

It is urged that the property owners should not be burdened with the cost of the improvement, because at the time the ordinance was passed there was a good brick sidewalk which had been put down under an ordinance at the cost of property owners. The general council is the judge as to the necessity of sidewalks. Trustees of Hazelgreen v. McNabb, 64 S. W., 431; 23 Ky. Law Rep., 811; Hackworth v. Louisville Artificial Stone Co., 50 S. W., 33; 20 Ky. Law Rep., 1789.

It is urged that the property owners should not be required to pay for the improvement, because the work was not completed according to contract. The property owners stood by and saw the work completed, and it is too late to complain now. Had they desired relief from the courts, the appeal should have been made before the work was completed and accepted. Preston v. Roberts, 12 Bush, 570; Fehler v. Gosnell, 99 Ky., 388; 18 Ky. Law Rep., 238; 35 S. W., 1125.

The judgment is affirmed.