## Marz v. City of Newport, et al.

(Decided January 10,.1917.)

### Appeal from Campbell Circuit Court.

1. Municipal Corporations—Streets—Officers — Discretion. — Discretionary powers vested in public officers are not subject to judicial control; and, unless legal limitations exist, the exercise of the power to open streets is discretionary with the proper municipal authorities, and is not subject to judicial review, except in cases expressly provided by law.

2. Municipal Corporations—Pleading—Failure to State Cause of Action.—A petition which fails to show that a street car company whose tracks occupy a street, is required by law, or by its franchise, or by contract with the city, to pave any part of the street so occupied, as required by section 3096 of the Kentucky Statutes, fails to state a cause of action to enjoin the municipal authorities from constructing the street at the cost of the abutting property owners.

3. Pleading—Good pleading requires that a petition should state facts and not mere legal conclusions.

RAMSEY WASHINGTON and HOWARD M. BENTON for appellant.

BRENT SPENCE and BARBOUR & BASSMANN for appellees.

Opinion of the Court by Judge Miller—Affirming.

By this action Theodore Marz, a citizen and taxpayer of the city of Newport, and the owner of a house and lot on East Tenth street in said city, seeks to enjoin the construction of that street in front of his property. He also asks that the contract entered into by the City of Newport with Metzel & O'Hearn, contractors, for that purpose, be declared invalid. The contract requires the street to be constructed at the cost of the abutting property owners.

It is not contended that the statutory requirements necessary under the charter, were not fully complied with. It is insisted, however, that the court should enjoin the execution of this contract, (1) because, as awarded, it provided for the improvement by wood blocks, when a better and a lower bid was received for improvement by vitrified brick, and that the action of the commissioners in that respect was arbitrary and injudicious; (2) because the contract fails to show whether the street car company's tracks now located on the north side of East Tenth street, shall be permitted to remain there or be relaid in the central portion of the street, or whether the street car company shall be charged with its proportionate expense of the improvement; and, (3) because said improvement will impose a liability of $3,000.00 upon the city, which did not, at the time of making the contract, have that amount of money in the general or contingent fund, or in any other available fund in the city, out of which the same could be paid.

The court sustained a demurrer to the petition as amended; and, upon plaintiff's failure to further amend, the petition was dismissed, and he appeals.

1. There is no allegation in the petition, or in the amendments thereto, that there was any irregularity in the proceedings of the city in reference to the estimates, the passage of the ordinance, the acceptance of the bid, or in the making of the contract. Neither is there any allegation that the board of commissioners, in letting the contract, acted fraudulently or in bad faith.

It is a fundamental rule that discretionary powers vested in public officers are not subject to judicial control, and that unless legal limitations exist, the power to open, improve, pave and maintain streets, establish sewers and drains, and secure public improvements of

all kinds, is discretionary with the proper municipal authorities; and, if the governing law has been observed, their action in that respect is not subject to judicial review, except in cases expressly provided by law. McQuillan on Municipal Corporations, sec. 1834. It is only in cases where the municipal authorities have acted fraudulently that their action can be reviewed by the courts. Meyer v. City of Covington, 103 Ky. 546; Bullitt v. Selvage, 20 Ky. L. R. 599, 47 S. W. 255; Trapp v. City of Newport, 115 Ky. 840; Campbell v. Southern Bitulithic Co., 32 Ky. L. R. 799, 106 S. W. 1189; Louisville Steam Forge Co. v. Gast, 115 S. W. 761.

Furthermore, the city had the discretion as to the kind of pavement that should be laid; and, the fact that the bid accepted was for a wood block pavement, or that a vitrified brick pavement would be cheaper, is immaterial where the council acts in good faith, and there is no showing of abuse of aldermanic discretion, or a violation of the statute. Campbell v. Southern Bitulithic Co., *supra.* And, since the charge of arbitrariness upon the part of the defendants is limited to their action in selecting a wooden instead of a vitrified pavement—an entirely lawful act—it amounts to nothing.

2. Sections 3096 and 3097 of the Kentucky Statutes are invoked by appellant to sustain his case. The petition alleges that no part of the improvement has been assessed against the street railway company, which is operating without a franchise.

Section 3096, *supra,* provides that the cost of paving the portion of a street occupied by a street railway shall be paid by the railway company when it is required by law, or by its franchise, or by a contract with the city, to pave any part of the street proposed to be improved. But, since the petition does not show that the street car company in this case, is either required by law, or by its franchise, or by contract with the city, to pave any part of the street in question, it fails to show any irregularity or illegality in the contract, in this respect. On the contrary, the petition alleges that the street car company is operating without a franchise, and fails to affirmatively allege any contract or show any law requiring it to pay any portion of the cost.

3. Assuming for the argument only, that the cost of constructing the street in question would be an obligation of the city of Newport within the meaning of

sections 157 and 158 of the constitution, the petition, nevertheless, does not affirmatively show that the city did not, at the time the contract was made, have on hand as much as $3,000.00 with which to pay this obligation, after paying its current expenses. The petition, as twice amended, merely alleges that the city had failed to set aside any moneys to meet said liability, or to make any provisions for its payment, and that there were no moneys available in any fund of the city out of which said cost could be paid. It is nowhere alleged what sums of money are, or will be, in the various funds of the city during the fiscal year, or what part of said funds are available to pay this particular claim. No facts are stated to justify this legal conclusion. Good pleading required the plaintiff to show by his petition the amounts in the various funds of the city of Newport, and leave it for the court to say whether the funds therein contained would be sufficient or available for the purpose of paying this obligation.

Judgment affirmed.