## Peicke, et al. v. City of Covington.

(Decided April 20, 1923.)

### Appeal from Kenton Circuit Court. (Common Law and Equity Division).

1. Municipal Corporations—Council Presumed to Have Exercised Sound discretion in Reconstructing Street.—In the absence of an averment of specific facts showing that the council of a city abused its discretion, it is presumed that it exercised a sound discretion in determining that a street was in such bad condition as to require resurfacing according to. the ordinance passed by it.

2. Municipal Corporations—Discretionary Acts of Officer Generally not Subject to Judicial Control.—The general rule that discretionary powers vested in public officers are not subject to judicial control unless legal limitations exist applies to public. officers in the improvement of streets of a municipality.

3. Municipal Corporations—Officers have Discretionary Power to Improve Streets.—Public officers of a municipality have discretionary power to open and pave streets, and to make such other improvements as will redound to the benefit of the municipality and its people.

4. Municipal Corporations—Petition of Property Owners to Restrain Assessment for Reconstruction of Street Held Insufficient.—A petition to enjoin the assessment of property for a street improvement which alleged the passage of an ordinance for the improvement in pursuance of which the street was reconstructed by taking up the brick surface and replacing it with an asphalt surface, though the brick surface was in a good and substantial condition, and that the action was taken on a petition of the Mothers' Club interested in a public school located in the street so as to make the street less noisome, was insufficient though it also alleged generally that the city acted wrongfully arbitrarily, unjustly, and fraudulently.

5. Municipal Corporations—Property Owners Must Object Before Street Improvement is Completed.—The owners of property abutting on a street which it is proposed to improve, if they do not desired the improvement, should object thereto before the city council, and, if the city persists in its efforts to carry out the improvement, should then institute action to restrain it, and they will not be permitted to stand by and allow street to be improved

at the expense of the municipality, or the contractor allowed to expend his money in making the improvement, and then object to the levy of assessments for the completed work.

B. F. GRAZIANI for appellants.

A. E. STRICKLETT for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Affirming.

This action was commenced in the Kenton circuit court by Charles G. Peicke and eleven other owners of real property located on Scott street, between 5th and 6th, in Covington, to obtain an injunction restraining the city of Covington from levying, enforcing or collecting assessments for the improvement of Scott street between 5th and 6th, or any part thereof, and from creating or enforcing a lien upon the real property belonging to the parties plaintiff to pay for the said improvement made on the street.

The petition avers in substance that Scott street had been constructed some years before June, 1919, and that it was then in a good substantial condition, and that the city at said time had wrongfully and without right, arbitrarily and unjustly, wilfully and fraudulently, passed an ordinance for the reconstruction of Scott street between 5th and 6th, and in pursuance thereto did reconstruct the street by taking up the brick surface and replacing it with an asphalt surface although the brick surface was in a good and substantial condition; that the said action was taken on a petition and at the behest of the Mothers' Club, which organization was interested in the free public school located on the street in the block so as to make the street less noisome, all of which work and expense was to the great disadvantage of the property holders along the street in said block and to their great and irreparable injury. A general demurrer was interposed to the petition and sustained. The plaintiffs then filed an amended petition; a demurrer was filed to the petition as amended and again sustained. The plaintiffs declined to further plead and their petition was dismissed, and they appeal.

In sustaining the demurrer to the petition as amended the trial court said:

"Stripped of legal conclusions and argument, the substance of the petition as amended is that at the time

the street in question was resurfaced, the city tore up a good brick surface and put down one of rock asphalt, and it did this at the behest of the Mother's Club of the first district school.

"The pleader described the action of the city as 'arbitrary, unjust, unlawful, fraudulent and without good cause,' but no facts are pleaded. No claim of irregularity in the proceedings is made, neither is there the slightest showing of fact that the city commissioners abused the discretion vested in them. The petition is obviously insufficient."

Covington is a city of the second class, and as such has power to build, construct and reconstruct its streets whenever in the discretion of its governing board it is deemed wise and expedient to do so. Accepting the averments of the petition as true, the necessary ordinance for the improvement of the said street was regularly passed and enacted and each step in the letting of the contract for the improvement of Scott street was taken in the way provided by the statute, and the work was performed in first class workmanlike manner, according to the terms of the contract. In the absence of an averment of specific facts showing that the board of council of the city of Covington abused a sound discretion the presumption prevails that it did not do so but that it found, in the exercise of a sound discretion, that Scott street was in such bad condition at the point in question as to require resurfacing according to the ordinance passed by the council in preparation for the improvement of which appellants now complain. The general rule is that discretionary powers vested in public officers are not subject to judicial control unless legal limitations exist. This rule applies to public officers in the improvement of streets and public thoroughfares of a municipality. In the performance of their duties such officers have discretionary power to open, approve and pave streets and to make such other improvements as will redound to the benefit of such municipality and its people. Marz v. City of Newport, 173 Ky. 148; Meyer v. City of Covington, 103 Ky. 546; Bullitt v. Selvage, 20 K. L. R. 599, 47 S. W. 255; Trapp v. City of Newport, 115 Ky. 840; Campbell v. Southern Bithulithic Co., 32 K. L. R. 799, 106 S. W. 1189; Louisville Steam Forge Co. v. Gast, 115 S. W. 761; Realty Savings Co. v. Southern Asphaltoilene Road Co., 180 Ky. 242-245.

The petition as amended did not state facts sufficient to constitute a cause of action against the city of Covington nor entitle plaintiffs, now appellants, to the relief prayed. The city was clearly within its rights in ordering and carrying out the improvements as alleged in the petition, and the trial court properly sustained the demurrer to the petition as amended.

The property holders who now complain were under a duty to object or protest against the proposed improvement as soon as the city set about the enactment of the ordinance for its construction and at all times during the construction of the street. Before the contract was let and the work commenced the plaintiffs should have brought to the attention of the city and its officers the needlessness, if such there were, of the proposed improvements; and if the city and its officers persisted in their efforts to carry out the plans of reconstructing the street, the property holders should have then instituted an action to restrain the consummation of the plans and have shown by proper averments that the street was in good condition; that it did not require a new surface and that the action of the city through its legislative board directing the reconstruction of the street was unjust, unreasonable, arbitrary and without right. Thus the property holders could have saved both the city and the contractors harmless had it turned out that the work was unnecessary and the action of the board in ordering it arbitrary and without right. We have many times held that a property owner will not be permitted to stand by and allow the street in front of his property to be improved at the expense of the municipality, or the contractor allowed to expend his money in making the improvement and work to be completed, accepted and the apportioning of the cost made, without first making some legal objection. This principle is a wholesome and salutary one, placing no unreasonable burden upon the property holder who may in the absence of such objection be presumed to acquiesce in the improvement, while to object, if there be legal grounds therefor. saves the municipality an expensive blunder, if blunder it be, and the contractor from needless exertion and expense. Realty Savings Co. v. Southern Asphaltoilene Road Co., 180 Ky. 242; City of Louisville v. Gast, 118 Ky. 570; Richardson v. Mehler, 111 Ky. 408; Mudge v. Walker, 122 Ky. 29.

Having allowed the city to pass and carry out its ordinance, and the contractor relying in good faith upon

the regularity of the ordinance passed for the construction of the street, to accept the work and complete the street without objection from the property holders, their mouths are now closed and they will not be permitted to speak when to do so would place an unreasonable and unjust burden upon the contractor and the city.

For the reasons indicated the judgment is affirmed.

Judgment affirmed.