Jerry THOMAS, and his wife, Joyce
Thomas, Appellants,

v.

CITY OF BEREA, Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 14, 1977.

Nicholas W. Williams, Berea, for appellants.

James T. Gilbert, City Atty., Berea, for appellee.

Before MARTIN, C. J., and COOPER and HOWARD, JJ.

HOWARD, Judge.

This is an appeal from the Madison Circuit Court wherein plaintiff-appellee, City of Berea, Kentucky, was granted summary judgment against defendants-appellants, Jerry and Joyce Thomas.

Plaintiff-appellee, the City of Berea (hereinafter referred to as the City), filed suit against defendants-appellants, Jerry and Joyce Thomas (hereinafter referred to as Mr. and Mrs. Thomas), for a lien against the Thomas property based upon an unpaid assessment for street improvements.

The City is a municipal corporation of the fourth class and as such has the power to sue and to enact ordinances and laws to improve its streets and highways, and to levy and assess the costs thereof against the property abutting thereon, Chapter 94, *Kentucky Revised Statutes.*

The City of Berea, acting by and through its duly elected City Council, enacted a resolution on May 21, 1974, pursuant to KRS 94.292, providing for the improvement of Jefferson Street in the City. This resolution indicated that the cost of the improvement would be made at the expense of the abutting property owners; declared the improvement was a public "necessity"; and described in general terms the scope and specifications of the improvement project. This resolution however was not published.

Two readings of the ordinance to improve Jefferson Street were given at regular City Council meetings. On July 16, 1974, Ordinance No. 10–74 was enacted and subsequently published in the *Berea Citizen* on July 18, 1974. The City received bids on the project, pursuant to the Ordinance, and a contract was entered into. The contractor worked on the project during the winter

of 1974 and through the spring and summer of 1975. The City Council set October 31, 1975, as the date of final inspection of the project and published a notification of this inspection in the *Berea Citizen* on October 21, 1975.

After the inspection, the City Council accepted the contractor's job and subsequently enacted Ordinance No. 1–76, accepting and confirming the improvement project and assessing the abutting property owners for their part of the cost of the project. Pursuant to KRS 94.309, the Thomas property was assessed in the amount of $1,747.53.

■ The contention of Mr. and Mrs. Thomas on this appeal is that the City of Berea did not comply with the applicable KRS provisions in order to be able to perfect a statutory lien against the property owners for assessments due and owing for the street improvements. The Thomases more specifically cite the failure of the City Council to publish the resolution; the discrepancies in the dates as stated in the Ordinance of Apportionment No. 1–76 and the dates the resolution and Ordinance No. 10–74 were enacted; and lastly, question whether this city improvement was, in actuality, an improvement to them.

The City of Berea did fail to follow the provisions of KRS 94.292 by not publishing the resolution as required. However, KRS 94.314 reads in part that:

. . . No error in the proceedings of the city legislative body shall exempt any property from the lien for the improvement tax, or the payment of the tax, after the work has been done and accepted. The city legislative body or the courts in which suits are pending shall make all corrections, rules and orders to do justice to all parties concerned.

The circuit court made the specific finding that the Thomases were sent a notice of the City's intention to rebuild the street and to assess the costs against the abutting property owners when Ordinance No. 10–74

was published. To provide notice is the purpose of the provision requiring publication in KRS 94.292. There is no showing that the Thomases were prejudiced by the failure to publish the resolution and KRS 94.314 does not exempt them from paying the tax.

In *Peicke v. City of Covington,* 198 Ky. 683, 249 S.W. 1008 (1923) the court pointed out that the property owners could not stand by and allow the improvement to be completed without objection, and thereafter object to the apportioning of the cost. The court stated an appropriate remedy would be injunctive relief against the City.

In *Ormsby v. City of London,* 220 Ky. 148, 149, 294 S.W. 1025 (1927) the court stated:

This court has adopted the rule that a property owner cannot stand by and see a contractor improve the streets in front of his place under a contract with the city, until after the work has been completed and accepted by the city, and then attack the proceedings under which the work was done for irregularities which do not render the proceedings void. This rule applies where the city irregularly does something which it had a right to do, but failed to take the necessary steps to avoid irregularity.

This line of reasoning and KRS 94.292 clearly preclude the Thomases from raising as errors the non-publication of the resolution and the clerical discrepancies found so as to deny the City of Berea the right to assess the improvement tax.

In 94.292(3) the power of the City Council of Berea to determine what improvements are to be made is stated thusly:

Subject to the provisions of KRS 94.291 to 94.325, the city legislative body shall have full power to determine what public improvement shall be made, the extent and character of the improvement, the kind of material to be used, and the necessity for the improvement, and its determination shall be final. The city legis-

lative body may do all things necessary to the proper execution and carrying out of any improvement.

■ Absent a showing of fraud or illegality, the decision of a legislative body to make improvements is not subject to judicial review. In *Marz v. City of Newport*, 173 Ky. 147, 190 S.W. 670, 670–71 (1917) the court stated:

> It is a fundamental rule that discretionary powers vested in public officers are not subject to judicial control, and that unless legal limitations exist, the power to open, improve, pave . . . (and) secure public improvements of all kinds is discretionary with the proper municipal authorities; and, if the governing law has been observed, their action in that respect is not subject to judicial review. . . .
> It is only in cases where the municipal authorities have acted fraudulently that their action can be reviewed by the courts.

The trial court made a specific finding of fact that no fraudulent or corrupt action on the part of the City had occurred in this matter. There being no genuine issue as to any material fact and the City of Berea being entitled to a judgment as a matter of law, the trial court was correct in granting summary judgment to the City of Berea. CR 56.01.

The judgment of the trial court is affirmed.

All concur.