JUDGE PETERS
delivurisd tegs opinion op thh court.
In April, 1869, appellants leased from James M. Shepard, for the term of one year, his store-room in Georgetown, in *171 which they were to keep a retail dry goods store, and to pay him therefor four hundred dollars per annum, in monthly installments of $33.33. They were to have the use of the cellar under the store-room to put coal for the use of the store and some boxes. In June the house was accidentally consumed by fire without the fault of either party.
In February, 1870, Shepard by a writing assigned to appellee Mofford, for value received, the rent owing him by appellants “for the last seven months” of his store-room in Georgetown, without any recourse on him.
On the day said assignment bears date this action was brought by Mofford against appellants, and he alleged that said Shepard held an obligation in writing on them for the rent of his store-room in Georgetown for the amount, and payable as herein before stated, which had been consumed in the house when it was burned; that he was entitled by virtue of said assignment of the rent due on said lease for four months ending 15th of February, 1870, amounting to $133.33, and prayed judgment therefor.
In their answer appellants admit the lease on the terms as stated in the petition, which were in writing, but they deny that the writing was burned or destroyed. They say they paid Shepard the rent for the month they occupied before the house was burned, and that they rented only one room of the building, which was composed of several rooms or apartments, the other rooms being occupied by other persons, and their lease did not include jthe ground on which said building stood, or any part of it; that the use of the store-room was the sole consideration of their undertaking to pay the rent; that by the fire aforesaid they were deprived of the use of the room; and that they are in consequence thereof released from all liability to pay the rent claimed.
They furthermore, as a defense, say that some drawers and shelves used in the store-room were saved from the confia *172 gration by their own exertions, and which they had in use; but very soon thereafter Shepard demanded them, and being thereupon surrendered he appropriated them to his own use; and immediately, after the fire he entered on the ground upon which the house stood, took possession, and commenced the erection of a new building for the occupancy and benefit of other persons than themselves, and he and others have occupied the premises ever since to the exclusion of appellants. They deny that the writing executed by them to Shepard was a note, but say it was a writing evidencing the terms of the lease and describing the premises; deny that they have any knowledge or information on the subject of the alleged assignment of said paper to the plaintiff, or that they were indebted to Shepard in any sum at any time since they paid the rent for the first month they occupied the house; say even if he did assign said paper to plaintiff, he has no cause of action in his own name on it against them; and allege that Shepard was, when this action was brought, prosecuting an action in his own name against them on the said writing for rent claimed to be due him for the same store-room.
On the trial of the action the plaintiff introduced said Shepard, by whom he proved the execution of the lease by defendants to him, and proved its contents; that the paper was burned with the house; that only some drawers out of the house were saved by defendants, which he demanded of them, and they surrendered them to him a few days after the burning, and he had retained them; that the part rented was one room or an apartment of a two-story building containing several other rooms; that about six weeks after the burning Shepard took possession of the ground, erected another building on it, which he has had in possession ever since; that in order to prepare the building which was burned for defendants, and before they would agree to lease it, he had put up shelving-in it which cost him $300.16; that he assigned said lease to *173 plaintiff. He also proved that he then had an action pending in the Jefferson Court of Common Pleas against appellants, in which he is seeking to recover from them rent for the first four months of the lease. Plaintiff proved by Adams that the paper presented by Shepard on the trial was a copy of the lease executed by the defendants to him. After the evidence was concluded, which is substantially herein stated, the court gave the following instruction to the jury at the instance of plaintiff:
“If the jury believe from the evidence that the written obligation, as stated in the petition, for one year’s rent of the room of J. M. Shepard, in Georgetown, Ky., and that seven months’ rent at $33.33 per month, was assigned to plaintiff Mofford by James M. Shepard, the jury ought to find for plaintiff the amount claimed in the petition, $133.33; to which appellants excepted.”
And on motion of the appellant the court instructed the jury, that if they believe from the evidence that said written agreement contained obligations other than for payment of money or property, then it was not assignable so as to vest the right of action in the plaintiff alone, and they ought to find for defendants; that if the jury believe from the evidence that said obligation has not been assigned to plaintiff as alleged in his petition, they ought to find for defendants. And refused the two following instructions asked by defendants: If they believe from the evidence that defendants rented from Shepard a single room or apartment in a building containing several rooms or apartments, and that said room with the building of which it formed a part were entirely consumed by fire during their term without any fault of their part, then their liability for rent ceased from the time of said burning. If they believe from the evidence that immediately after the burning, said Shepard took possession of the ground upon which said building stood, or took possession of any part *174 of said room without the free consent of said defendants and still holds possession of same to the exclusion of defendants, then their liability ceased from the time the possession was so taken, and the jury should so find. The appellants excepted to the ruling of the court in refusing said instructions.
After the court disposed of the instructions, appellee Mofford asked and obtained leave of the court to amend his petition by making James M. Shepard a co-plaintiff with himself, which was done; and a verdict and judgment having been rendered against appellants, and their motion for a new trial overruled, they have brought the case to this court.
No objections were made to the motion of plaintiff for permission to amend his petition; but appellant did except after the amendment was allowed without objection, and no motion to exclude Shepard’s evidence from the jury was made; so that if there was error in any of said rulings, they must be deemed as waived.
We think the first instruction asked by appellees was properly given; and that, being right, the two which were asked for by appellants and refused by the court could not have been given.
As early as 1809 this court, after full consideration, and a review of the authorities both English and American, in the case of Redding v. Hall, &c., 1 Bibb, 536, announced the rule, both at law and in equity, to be established by the weight of authorities that the tenant is bound to pay the rent, though the premises demised should be destroyed by inevitable casualty. The learned judge delivering the opinion in that case remarked: “ This rule, though .at first view appears harsh and rigorous, upon a closer examination will be found to be reasonable, and to comport with principles to which we submit in analogous cases without questioning their propriety. The reason for the rule seems to be that as the tenant has expressly covenanted to pay the rent, and has not by his contract pro *175 vided against his liability, notwithstanding any accident by inevitable necessity, the law can not interpose.”
It is true that the law on the subject has been ruled differently in New York, Massachusetts, and some other states. But in this state the rule has been settled for over sixty years, and not only acquiesced in, but repeated in numerous decisions by this court since the case of Bedding v. Hall, supra; and he would be a bold judge who would now undertake to change the rule adhered to for so many years.
It is so easy in making contracts of this character for parties to provide for inevitable casualty and unavoidable accidents, that in those in which no provision is made against such casualties and misfortunes it would almost seem that the parties intended to take the risk. But without further elaboration it is sufficient to say that we do not feel authorized to depart from a principle so well established by authority and so long recognized.
Judgment affirmed.