## Board of Common Council of the City of Frankfort v. Morris, et al.

(Decided June 16, 1925.)

### Appeal from Franklin Circuit Court.

1. Municipal Corporations—Paving Improvement Ordinance Held Not to Restrict Material to Reinforced Concrete for Base, with Sheet Asphalt Surface.—Ordinance for street paving improvement, reading that improvements shall be made by paving the streets "with reinforced concrete and sheet asphalt in accordance with the survey, plans, and specifications," held not to restrict material to reinforced concrete for base, with sheet asphalt surface, but to mean, when read with specifications, that city would receive bids for the work on the two types of material, one of reinforced concrete, and the other of sheet asphalt upon some other material for base; the word "and" in the phrase "with reinforced concrete and sheet asphalt," to be read as meaning "or."

2. Municipal Corporations—Property Owners, Failing to Petition for Designated Material for Improvement, Estopped to Complain of City's Designation.—Property owners failing to petition, pursuant to Kentucky Statutes, section 3453, for designated material to be used in local improvement, waived right and thereby became estopped to complain of city's designation of material by ordinance.

3. Municipal Corporations—Exemption of Railway from Paving Street Held Not Discrimination Against Abutting Owners.—That city railway is required to pay part cost of paving certain street, and not anything on other streets on which it also has tracks, held not discrimination against persons owning property along such other streets, as requiring them to pay more than persons owning property along the street as to which railway is required to pay part of paving costs.

4. Municipal Corporations—Necessary Concrete Repair Work on One-Fourth of Width of Street at City's Expense, Done Without Ordinance or Resolution, Held Not Election of City to Adopt General Plan for Other Streets.—Necessary concrete repair work done on certain paved streets at city's expense out of the general funds, and covering one-fourth of the width of the street, and lasting ten years, constituted a permanent improvement within

Kentucky Statutes, section 3450, but having been done by the city street committee without an ordinance or resolution of the city council, the doing of it held not an election, within section 3450, to adopt a general plan to improve all other city streets partly at the expense of the city and partly at the expense of the abutting property owners, hence the city was not estopped to require the abutting property owners on other streets to pay the cost of construction and reconstruction thereof in front of their property, by passing ordinances or executing ordinances theretofore passed, by which the exclusive cost of such street improvements was assessed against the abutting property.

5. Municipal Corporations—Street Committee Held Entitled to Make Necessary Repairs, in Cases of Emergency, Upon Worn-Out Streets Without Adopting General Plan.—A street committee of a city of the third class, with the acquiescence of the council, held to have right to make necessary repairs upon worn-out streets in cases of emergency, as distinguished from the right denied by Kentucky Statutes, section 3450, to rebuild the entire street or any considerable portion thereof at the exclusive expense of the city, without adopting a general plan to that effect as provided by section 3450.

JAMES H. POLSGROVE for appellant.

J. C. JONES and T. B. McGREGOR for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming in part and reversing in part.

Appellee,. L. W. Morris, a freeholder and taxpayer of the city of Frankfort, instituted this suit for himself and others similarly situated, against the board of common councilmen of the city of Frankfort, a city of the third class, alleging that he and other persons owning property on streets other that St. Clair, Bridge and Second street, in Frankfort, were by ordinances passed by appellant, city council, copies of which were attached to the petition, discriminated against in the assessment of cost of construction and reconstruction of streets in front of and abutting on their property in that they, and each of them, were required, by the ordinances passed by the city council to construct and reconstruct the streets abutting on their property at their exclusive cost without help from the city, whereas, the city had within recent months built and reconstructed certain parts of St. Clair street, Bridge street and four blocks on Second street along and near the tracks of the city railway company at the exclusive cost of the city, out of its general funds derived from tax assessments against the property of appellee, Morris,

and others, which construction and reconstruction so made by the city amounts to and was equal to one-fourth of the width of each of said streets through the blocks named, and that such construction and reconstruction by the city "amounts to and is a discrimination against the property owners on said streets, and the city ordinance of May 25, 1925, is invalid and cannot be legally enforced against the property or persons owning property on Shelby, Todd and Murray streets," etc., and praying that "the rights of the parties hereto be adjudged and determined by the court" under and pursuant to the declaratory judgment act.

Three ordinances are attacked. Of these the court held the one passed August 20, 1923, for the improvement of Main, St. Clair, Bridge and Second streets to and along the Louisville pike, within the city limits, being a part of the Midland Trail, a valid and subsisting ordinance, but holding the ordinance of May 25, 1925 and the ordinance of October 13, 1924, for the improvement of certain other streets in the city of Frankfort, invalid as being discriminatory on the "ground that said property owners will thereby be required to pay a greater sum for the improvement of their property on said streets than has been required of property owners on St. Clair street, Bridge street and Second street, where permanent improvements are now being made by the defendant (city) to the extent of at least one-fourth of the width of same and the property owners abutting on the streets mentioned and required to be improved by ordinance of May 25, 1924, will be required to pay all the cost, one-half on each side, and in addition the same proportion of taxes as to the improvements being made and now in course of progress by the property owners on St. Clair, Second and Bridge streets, on which said named streets it appears that the defendant (city) has assumed for and on behalf of the property owners residing on said streets to pay the cost of the improvements between the tracks of the city railway and have thus and thereby attempted to equalize the burden between the property owners residing on streets traversed by the city railway and those residing on streets traversed by the interurban railway, and by reason of all of which the property owners, by said ordinance, residing on Shelby, Todd and Murray streets will be discriminated against in that they will be required to pay more in the way of the cost of the improvements required than per-

sons owning property abutting on the proposed improvements wherein the. zone traversed by the interurban cars and those owning property abutting on the proposed improvements on St. Clair, Bridge and Second streets.''

One of the ordinances attached to the petition as exhibit ''A'' provides for the construction and reconstruction and improvement of Main street from the city limits on the east (Versailles pike) through the center of town to St. Clair street, thence west with that street to Bridge street, thence on Bridge street to Second street, thence a westerly course with Second street to the Louisville pike, and thence up the Louisville pike to the city limits, at the exclusive cost of all owners of real estate and lots or parcels of land abutting or fronting on such streets or other public ways, excepting street intersections, and such parts of the streets as are covered by the interurban franchise of the Kentucky Traction and Terminal railway.

This ordinance was passed in August, 1923. With respect to this ordinance it is averred in the petition:

> ''The plaintiffs further say that after the passage of the ordinance hereinafter referred to, the defendant (city) waited an unreasonable length of time to construct the streets from the city limits on the Versailles pike to the city limits on the Louisville pike, and that the defendant has no right to further proceed under said ordinance, because of the unreasonable delay.''

It is further averred in the petition that this ordinance is invalid because it designates a certain type of material to be used in the construction of the streets and entirely omitted therefrom the concrete type of material which is one of the approved and established types of material for the construction of streets used throughout this state and the United States; that said ordinance in that respect is arbitrary and unreasonable in that the property owners abutting on a street upon which improvements are to be made, have a right to designate the type of material to be used in the construction of said streets and that by the ordinance excluding the concrete type of material, this right of the property owners was taken away.

With respect to this ordinance the parties stipulated and the stipulation is made a part of the record, that

the ordinance was legally passed and approved on the 20th of August, 1923, by the board of council of the city of Frankfort, and that bids for the construction of the streets under the ordinance were advertised for and received in January, 1924; that no contract was let for the work and that the work has not been done; that previous to the passage of the ordinance a resolution was adopted by the council declaring said improvements to be necessary and that no complaint or protest by the citizens abutting on said Main street were ever filed with the council.

The ordinance for the improvement of Main and other streets, a part of the Midland trail, provides that the improvements shall be made by paving the streets "with reinforced concrete and sheet asphalt in accordance with the survey, plans and specifications," approved and adopted by the council, a copy of which is attached to the ordinance, and it is argued that the language employed restricts the material with which the improvement is to be made, to reinforced concrete for base with sheet asphalt surface, but we do not so read and understand the ordinance and specification. When the two are read together we are of opinion that it was the purpose of the city to receive bids for the work on the two types of material: one of reinforced concrete, and the other of sheet asphalt upon some other material for base, and that part of the ordinance should be read "with reinforced concrete or sheet asphalt," instead of "with reinforced concrete and sheet asphalt." At any rate this is no ground for invalidating the ordinance as we shall see from a further statement of the facts.

It also appears from the record that the property owners along the streets did not exercise the right they had under section 3453, Kentucky Statutes, of designating the material to be used in the construction of that part of the improvements for the cost of which the abutting property owners would be liable. From that it is argued by appellant, city council, that the ordinance is not invalid on this account for it was the duty of the city to designate the material of which the improvement was to be made unless more than fifty per cent. (50%) of the abutting property owners petition for a designated material, and in failing to present such petition to the mayor and council the property owners waived their right to designate the material and are now estopped to complain that the city designated the material by ordi-

nance, and this appears to be a correct construction of the statute on the subject.

It is also admitted that the council has passed no ordinance or resolution in accordance with section 3450, Kentucky Statutes, which can be considered as an adoption of a general plan for the assessment of payment of costs of street improvements, which plan cannot be changed except at intervals of ten years, but it is rather insistent that the course pursued by the council in repairing or rebuilding St. Clair, Bridge and Second streets, whichever it be, indicates a purpose to adopt a general plan of operation with respect to such improvements in the city, as estopped the city to deny such adoption and is obligated and requires it to continue to pay a like proportion of the costs of the streets on all other streets improved throughout the city.

Complaint is also made in the petition of appellee, Morris, that the city, while requiring the interurban railroad having a track along Main street, to contribute to the cost of the construction and reconstruction of that street "granted a franchise to the same company to operate its cars over other streets of the city, and in effect exempted said company from paving between the tracks and for eighteen (18") inches on either side thereof, on said streets; that on account thereof persons owning property abutting on said streets traversed by said city cars will be compelled to pay the cost of paving the right of way of the car company and will be thereby discriminated against in that they will be required to pay more in the way of paving costs than persons owning property abutting on the proposed improvements within the zones traversed by the interurban cars." This question, however, was determined adversely to appellee, Morris, in the case of Board of Council v. Morris, 200 Ky. 59.

The other ordinances, the validity of which are challenged, propose to construct and reconstruct all or a part of Shelby street, Todd street, Wapping street, Wash'ngton street, High street, Murray street, Conway street, Main street, Benson avenue, St. Clair street, Broadway and Steele street, all at the exclusive cost of the property owners abutting thereon.

Appellee, Morris, insists that the last two ordinances passed for the improvement of the streets above named at the exclusive cost of the owners of the abutting property are invalid, because they discriminate against such

owners of property and in favor of the owners of the property abutting upon that part of St. Clair street, Bridge street and Second street, which it is averred the city of Frankfort constructed and reconstructed in 1924 and 1925, by placing concrete between and on either side of the tracks of the street railway for the depth of ten inches "and said improvement was and is a permanent one and the cost thereof was entirely paid by the city and amounted to several thousand dollars; that the improvements on St. Clair and Bridge and other streets fully covered one-fourth of the width of the streets and that to construct Conway street or Broadway street in Frankfort wholly at his (appellee's) expense and that of abutting property owners, is discriminating against him for the reason that he will be required to pay a great deal more for the improvement in front of his property than the property owners who own property on St. Clair or Bridge streets in the city of Frankfort, where said permanent improvement was made by the city to the extent of one-fourth of the width of same."

Appellant, city council, insists that the concrete work between and on either side of the street railway track done in 1924 and 1925, is not a permanent improvement and does not discriminate against abutting property owners on the streets where there is no street car track. From the evidence in the record we are inclined to the belief that the concrete paving between the tracks of the street railway on St. Clair, Bridge and Second streets will last eight or ten years, and that it is therefore permanent in its nature, but we are further of opinion that inasmuch as there was no ordinance directing the improvement of St. Clair, Bridge and Second streets by paving the same between the tracks of the street railway with concrete of which the appellee now complains, the city has not committed itself to either of the three plans allowed for the construction of streets of a municipality, provided by section 3450, Kentucky Statutes, reading:

"The common council. . . . of any city of the third class may provide by general ordinance that such city shall pay part, and if so, what part of the cost of the improvement of the streets, alleys or other public ways (excluding sidewalks) of such city. When such provision is made, it shall be uniform and shall thereafter apply to the improvements of all streets, alleys and public ways in the

city (excluding sidewalks), and such general provision shall not thereafter be changed or repealed except at intervals of ten years or more.''

The improvement made on St. Clair, Bridge and Second streets, according to the evidence, was made by the street committee without the enactment of an ordinance or authority of the city. No record was made of it except the following minute:

''The chairman of the street committee recommended that steps be taken to repair Second street, between and along the street car tracks, as said street was becoming impassible.

''Councilman Rupert moved that the street committee be authorized and directed to construct a concrete strip through Second street, between and along the rails of the street car company, the width of said strip to be left to the discretion of the said street committee.

''Said motion was agreed to.''

While these improvements were paid for from the general revenues of the city they were made in the same way and manner as repairs are made upon the streets of a city of this class. The history of the matter as given by Mayor Smith is that St. Clair street in front of the courthouse became so worn and full of holes that the street committee recommended to the council that the bad places be fixed by putting in concrete, and that this was the method generally employed by the street committee and was adopted and followed in this case. The council verbally authorized the work but no order, except the foregoing was made. The street committee started in to fix the holes and bad places in the street but before going far discovered it was necessary to take out all of the paving between the car tracks and near thereto and replace it with new paving, and this was done throughout one entire block on St. Clair at a cost of about $800.00. The same method was employed on Bridge street for about one block. Finding Second street along the street car track was full of holes and in bad condition, the street committee decided that similar repairs should be made and so made its recommendation to the city council, as shown by the foregoing minutes, resulting in the improvement of Second street. The doing of this work, however, did not amount to an election

on the part of the city to adopt a general plan whereby all other streets of the city should be improved partly at the expense of the city and partly at the expense of the abutting property owners, as contended by appellee, Morris. Certainly the street committee, with the acquiescence of the council, had a right to make necessary repairs in cases of emergency upon worn out streets. It had no right, however, to rebuild the entire street or any considerable portion thereof at the exclusive expense of the city without adopting a general plan as provided by section 3450, Kentucky Statutes, to that. effect.

There being no ordinance or resolution by the council adopting such plan or authorizing the city to assume and pay one-fourth or any other part of the cost of construction of streets, the city is not estopped to require the abutting property owners on other streets to pay the cost of construction and reconstruction thereof in front of their property by passing ordinances or carrying out ordinances heretofore passed by which the exclusive cost of such street improvements are or were assessed against the abutting property, and the two last ordinances which are attacked by appellee, Morris, in his petition, are not invalid. As the trial court held to the contrary it was in error and its judgment to that extent is reversed. Insofar as the judgment held the ordinance passed in 1923 authorizing the construction and reconstruction of Main street, St. Clair street, Bridge street and Second street and the Louisville pike, along the Midland Trail, within the city limits, subsisting and valid, it is affirmed. In all other respects it is reversed.

The judgment, therefore, is affirmed in part and reversed in part.