## Andrews Asphalt Paving Company v. Brammel, et ux.

(Decided October 11, 1927.)

### Appeal from Franklin Circuit Court.

1. Municipal Corporations.—Under Ky. Stats., sections 3450, 3454, 3455, and 3457, city council, in ordering improvement of street, is authorized to make separate contract for improvement of a certain part of such street and to assess cost of improvements equally against all property owners on that part of street.

2. Municipal Corporations.—If city council, in ordering street improvement under Ky. Stats., secs. 3450, 3454, 3455, 3457, makes an erroneous apportionment or an excessive assessment against property owners, court in which action to recover assessments is pending should determine amount of assessments and enforce lien of city against property.

JAMES H. POLSGROVE for appellant.

JOHN S. CARROLL for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Reversing.

On April 15, 1925, the city council of Frankfort adopted a resolution declaring a necessity to exist for the improvement of nine streets in Frankfort. Among them was "Todd street, the entire width thereof from the east side of Steele street to the east side of Murray street." Pursuant to the resolution, on June 8, 1925, it passed an ordinance for the improvement of each street named at the exclusive cost of the property owners abutting on said street. It then made a contract with the Andrews Asphalt Paving Company for the improvement of Todd street from Shelby to Capital avenue, and also made a second contract with it for the improvement of

Todd street from Capital avenue to the east side of Murray street. The work was done under these contracts and accepted by the city, and the cost of the improvement between Capital avenue and Murray street was apportioned among the property owners whose property abutted the improvement between these streets. At that time no contract had been made for the improvement of Todd street between Shelby street and Steele street, which was one square at the west end of the street.

Afterwards another contract was made, and this square was improved pursuant to the ordinance; but in the meantime T. A. Brammell and Mary Brammell, who owned 80 feet of property lying between Capital avenue and Murray street, refused to pay the assessment against their property, and this suit was brought against them. They defended upon the ground that the improvement of the street from Steele street to Murray street was an entirety, that the cost of the whole improvement should be assessed against all the property owners on the street between Steele and Murray, and that the assessment sued on was void, because it was made before improvement was completed. On the other hand, the city insisted that, the work having been done under separate contracts, the cost under each contract should be assessed against the owners of the property abutting that part of the street. The circuit court held with the defendants. The city appeals.

So far as material, the statute governing the subject is as follows:

"The improvement of public ways and sidewalks (including curbing and guttering), except as hereinafter provided, shall be made at the exclusive cost of the owners of real estate abutting on such improvement, to be apportioned among and assessed upon the lots or parcels of real estate abutting on such improvement according to the number of front or abutting feet, and a tax shall be levied upon such lots or parcels of real estate for the payment of the cost assessed thereon, which tax shall be due and payable at the city treasurer's office upon completion of the work and acceptance thereof by the common council or said board of commissioners, unless otherwise provided in the ordinance ordering such improvment, and no property shall be exempt from such im-

provement tax. Any such tax which is not paid within thirty days after the same becomes due, shall have added thereto a penalty of six per cent. (6%)." Ky. Stats. sec., 3450.

"The auditor shall carefully keep a separate account of the funds arising from assessments for each particular improvement, and no proceeds arising from assessments for one improvement shall be diverted to the payment for any other improvement whatever. The proceeds shall in each case constitute a separate special fund for the payment of the contractor for the particular work for which the assessment is made or for the security and payment of improvement bonds, if any are issued as provided in section 3459 for such improvement." Ky. Stats. sec., 3450.

"Subject to the provisions of the preceding section, the common council or the board of commissioners in cities which have adopted or may adopt the commission form of government, shall have full power to determine what streets, alleys, public ways or sidewalks (including curbing and guttering), or parts thereof, shall be improved, the extent and character of the improvement, the kind of material or materials to be used, and the necessity for the improvement, and its determination shall be final. It shall have power to let contracts for the work: Provided, that no such contracts shall be let except upon competitive bidding to the lowest and best bidder, after advertisement for two consecutive weeks in a newspaper of general circulation published in said city." Ky. Stats. sec., 3454.

"When any such improvement shall have been made and the contract therefor completed, the city engineer shall make a full and correct estimate of the total cost therefor, showing the total number of fronting or abutting feet of property, the cost per abutting foot, the names of the abutting property owners, the number of abutting feet of property owned by each person and the proportionate part of the cost of the improvement to be assessed against the property of each abutting property owner, the part payable by the city, if any, and the part payable by any street railway company, if any," Ky. Stats. sec. 3455.

Notice to the property owners must then be given and a hearing is provided for in these words:

"At the time and place fixed in said notice the said street committee of the common council or the said commissioner of public works shall inspect the work, and the owners of property liable for the cost of the improvement, and the contractor therefor, their agents and representatives may appear and be heard before said street committee or commissioner of public works, as to whether the work has been done and the cost thereof estimated in accordance with the ordinance and contract therefor." Ky. Stats. sec. 3455.

The statute further provides:

"Upon acceptance of the work and the confirmation of the engineer's estimate of the cost thereof by the common council or said board of commissioners, it shall by ordinance apportion the cost of the work, less any part to be paid by the city or any railway company, equally among the owners of the abutting property on both sides of the street improved according to the number of abutting feet owned by them respectively." Ky. Stats. sec. 3457.

"Nor shall any error of the proceedings of the common council or said board of commissioners, exempt any property from the lien for or payment of such taxes after the work has been done and accepted as provided in this section; but the common council or said board of commissioners, or the courts in which suits are pending, shall make all corrections, rules and orders to do justice to all parties concerned, and in no event shall the city be liable for any part of the cost of such improvement except as provided in section 3450."

Section 3454 further provides:

"And all courts will give a liberal construction to the rights and powers of the common council or said board of commissioners under this act."

It will be observed that by section 3454 the city council is given full power to determine what streets, or parts thereof, shall be improved, and to let contracts for the work; by section 3455 it is provided that when the im-

provement has been made and the contract therefor completed, the city engineer shall make a correct estimate of the total costs therefor and a proportionate part of the cost shall be assessed against the property of each abutting property owner. The section further provides for a hearing upon this report of the city engineer, and for the apportionment of the cost of the work equally among the owners of the abutting property. Section 3450 provides when the assessment must be paid, and then provides that the auditor shall carefully keep a separate account of the fund and that the proceeds shall in each case constitute a special fund for the payment of the contractor for the particular work for which the assessment is made. It will thus be seen that the contract is by the statute made the unit, for when the contract is completed the estimate and the apportionment is made and the funds in each case must be kept separate for the payment of the contractor for that work. In addition to this it is provided that no error of the council shall exempt any property from the lien after the work has been done and accepted, as provided by the statute, and that the city council and the courts in which suits are pending shall make all corrections, rules, and orders to do justice to all parties concerned. And it is further provided in section 3454 that the courts shall give a liberal construction to the rights and powers of the city council under the act.

Under these sections it is plain that, although the city council by its original ordinance had directed the improvement of Todd street from its intersection with Steele to its intersection with Murray, it was its duty to make all orders thereafter that were necessary to do justice to the parties concerned. Todd street from Shelby to Murray is one of the leading thoroughfares of the city. Todd street west of Shelby is not so wide or so much traveled, and to charge these property owners for the improvement of the eastern part of the street would be unjust. The city council therefore made a separate contract for the improvement of Todd street west of Shelby. It also made another contract for the improvement of Todd street between Shelby and Capital avenue as some additional work had to be done there, which was not required on the other end of the street and then made the contract in question for the improvement of the eastern end of the street, on which appellee's property lies. If only one contract had been made for the improvement of the street from Shelby to Murray street,

an additional burden would have been imposed on the appellees and the property owners on the eastern end of the street. They therefore do not especially complain that this separate contract was made for the improvement between Capital avenue and Shelby. What they complain of is that the assessment was made before that part of Todd lying west of Shelby street was improved, and they contend that the entire cost of improving the street should have been apportioned equally to all the property owners on the street. On the other hand, the statute plainly requires each contract to be settled for when completed, and the funds arising from the assessments made under that contract to be applied to the payment of the contractor. As it was the duty of the city council to make all orders that were necessary and proper to do justice to the parties concerned, it was authorized to make a separate contract for the improvement of Todd street east of Capital avenue, and to assess the cost of the improvement equally against all the property owners on that part of the street. Any other rule would do injustice, and would be to ignore the express provisions of the statute, which were inserted to change the rule heretofore in force. Under the old rule, if the city council failed to follow the statute the proceeding was void and the city was liable to the contractor. The purpose of the new rule was to require the city council and the courts to make all orders necessary to do justice to the parties concerned, and after the work was completed to require the abutting property owners each to pay his fair proportion of other work, nothwithstanding errors had been made in the proceeding.

In City of Maysville v. Davis, 166 Ky. 555, 179 S. W. 463, the city railway occupied a part of the street and was by contract bound to keep that in order. The city passed an ordinance for the improvement of the rest of the street, and it was contended that the ordinance was void, because it did not provide for the improvement of the entire width of the street. Denying this contention, the court said:

"It is apparent that a rule requiring the entire width of a street to be improved, or else to withhold the authority to improve any portion of it, under the varying conditions, as to width of streets, the nature of their surface, and the necessity and desirability of their improvement to their entire width, in all

cases, would be a harsh and unreasonable construction of the statutes, and would greatly militate against proceedings to make useful and necessary improvements, and would oftentimes impose unnecessary burdens upon the abutting property owners.  For these reasons, and in the light of the provision, which is embraced in section 3567, Ky. Statutes, which directs the council and the courts to 'make all corrections, rules, and orders to do justice to all parties concerned,' it seems that the better rule is to leave the question, as to whether all or a portion of the width of the street shall be improved, to the sound discretion of the board of council of the city, which discretion may be corrected, if abused.''

In Janutola & Comadori Construction Co. v. Taulbee, 211 Ky. 356, 277 S. W. 477, the city council passed an ordinance for the improvement of the street, but it made a separate contract for the grading and drainage, and the grading and drainage contract having been completed, the action was brought to enforce the assessment. Upholding the action of the council, the court said:

> "Since all courts are required to give a liberal construction to the rights and powers of the board of council, it follows that the trial court erred in adjudging that the city had no right to let a contract for any work less than a completed job as contemplated by the ordinance.  The city had a right to let the plaintiffs a contract to do a part of the work contemplated by the ordinance.  It did so.  The plaintiffs have fulfilled that contract, and the liens assessed against the property of defendants to pay for this work should have been enforced.''

And in Findlay v. Frey, 51 Ohio St. 403, 38 N. E. 116, where practically the question we have here was made, the court said:

> "It is also objected that the assessment on Sandusky street is not uniform.  The street was improved in sections, because not of uniform width. Each section is, however, of uniform width, and the assessment thereon the same.  The method adopted was a just one.  Each section pays for the improvement on it.  The same result could have been attained by separate proceedings.  This, however,

would have added to the expense, without any compensation to the property holders. No good reason is shown why it could not all be done in one, as well as in many; different proceedings."

If the city council makes an erroneous apportionment, or in any way makes an assessment against any property owner for more than he ought to pay, the court in which the action is pending should determine the amount which the property owner shall pay, and enforce the lien of the city against the property, for the purpose of the statute is to provide a certain and speedy means of doing justice between the parties. Here the city paid for the street intersections. The property on each square, under the contracts as made, is charged with the construction of that square of the street. No injustice has been done appellees by the assessment.

Judgment reversed, and cause remanded, for proceedings consistent herewith.