## Reed v. City of Paducah.

(Decided May 15, 1928.)

### Appeal from McCracken Circuit Court.

1. Municipal Corporations.—Under Ky. Stats., sec. 3096, providing for improvement of streets in cities of certain class at exclusive cost of owners of abutting land, and section 3098, giving city authorities full power to determine what streets or parts thereof shall be improved and extent and character of improvement, city of Paducah, grantee of strip in center of street formerly held by street railway company and which city thereafter held for street purposes, was not liable for part of cost of paving, as owner of abutting property, merely because it was in possession of 26-foot strip in center of street which was left unpaved, regardless of whether such space was called "parkway" or "grass plot."

2. Municipal Corporations.—Under Ky. Stats., sec. 3096, providing for improvement of streets in cities of certain class at exclusive cost of owners of abutting land, and section 3098, giving city authorities full power to determine what streets or parts thereof shall be improved and extent and character of improvement, city of Paducah had authority to have only part of street improved by paving, leaving unpaved strip in center thereof.

3.  Municipal Corporations.—Under Ky. Stats., sec. 3096, providing for
    improvement of streets in city of certain class at cost of owners
    of abutting land, and section 3098, giving city authorities full
    power to determine what streets or parts thereof shall be improved
    and extent and character of improvement, city of Paducah holding
    whole street for street purposes and having street paved, leaving
    unpaved strip in center, may, when necessary extend driveway on
    either side of such unpaved strip.

A. M. NICHOLS for appellant.

W. V. EATON for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

Jefferson street, in Paducah, is 100 feet wide. Through the center of the street, the street railway company held, by deed, a right of way 20 feet in width, but in the spring of 1927 the company executed a deed conveying this 20 feet to the city for street purposes. The city council after this passed an ordinance for the improvement of the street, by the construction of a hard-surfaced driveway 25 feet wide on either side of a strip 26 feet wide in the center of the street. Twelve feet on each side was reserved for sidewalks. By the terms of the ordinance, the cost of construction was to be borne by the property owners. This action was then brought by appellant to enjoin the letting of the contract for the work on the ground that a part of the cost should be apportioned to the city as it owned the parkway or grass plot 26 feet wide in the center of the street. The circuit court dismissed the petition. The plaintiff appeals.

Section 3096, Kentucky Statutes, provides for the improvement of the streets in cities of this class at the exclusive cost of the owners of real estate abutting on such improvement. By section 3098, Kentucky Statutes, the city authorities are given full power to determine what streets or parts thereof shall be improved and the extent and character of the improvement. In Holmes v. Heeter, etc., 146 Ky. 52, 142 S. W. 210, 38 L. R. A. (N. S.) 935, the city council deeming that the entire sidewalk was not needed for public travel, provided for paving with cement such part as was necessary for that purpose and left the remainder in a grass plot, assessing the entire reasonable cost against the property owners. The ordinance was upheld. In City of Maysville v. Davis, 166 Ky. 555, 179 S. W. 463, a driveway was or-

dered constructed on each side of the railroad track in Maysville at the cost of the abutting property owners. The ordinance was sustained upon the ground that it rested within the discretion of the city authorities to determine the extent of the improvement. In Huddleston v. Ashland, 217 Ky. 453, 289 S. W. 1091, the city first constructed a driveway 24 feet wide in the center of the street. Some years later it added on 5½ feet on each side of the driveway, making it 35 feet wide, and assessed the cost against the property owners. The ordinance was upheld.

The case before us cannot be distinguished from those cited. The city holds the entire street for street purposes. Under the deed for the 20 feet in the center of the street, the city holds the 20 feet just as it held the other 80 feet before that deed was made. It was not required to have the whole 76 feet lying between the sidewalks improved. It could exercise a discretion as to the width and improve that which was necessary; when it retained the 26 feet in the center of the street and did not order that improved at present, the abutting property was simply saved this much expense. It is not material whether you call this space a "parkway" or "grass plot." The city holds it for street purposes. It is not required to improve the whole street at once but may hold a part of the street as a grass plot or the like until it is needed for a driveway. The city is not the owner of any property abutting on the street improved, within the meaning of the statute. It holds the whole street for street purposes and may, when necessary, extend the driveway on either side of the strip 26 feet wide in the center. The property owners have no cause to complain because the whole width of the street is not now improved.

Judgment affirmed.