### Gardner et al. v. City of Paducah.

### Shelton et al. v. Same.

(Decided December 4, 1928.)

Appeals from McCracken Circuit Court.

Municipal Corporations.—Facts held to show that city since 1896 has held street in question, including grass plot or parkway in center, which formerly constituted street railway right of way, for street purposes, and hence, under Ky. Stats., sec. 3096, is not chargeable with one-half of costs of improvement of street.

C. C. GRASSHAM and L. N. ALEXANDER for appellants.

W. V. EATON for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

Fountain avenue, in Paducah, is 100 feet wide. The city adopted a policy some years ago of improving streets 100 feet wide by constructing a hard-surface driveway 25 feet wide on either side of the street and leaving in the center of the street a parkway or grass plot 30 feet wide. When it became known that Fountain avenue was to be improved, a number of the property owners petitioned the council to improve it in this way, leaving the 30-foot parkway in the center. The city on April 9, 1927, passed an ordinance for the improvement of the street in this way at the cost of the property owners on either side  The improvement was made. The cost was assessed against the adjoining property owners, and then these suits were filed by certain property owners, insisting that one half of the cost should be assessed against them and the other half against the city, as it owned the parkway in the center of the street. The circuit court dismissed the petition. The plaintiffs appeal.

The land was originally owned by the Paducah Land, Coal & Iron Company. It in 1889 subdivided the land and laid out streets, filing its plot in the county clerk's office. Fountain avenue is one of these streets 100 feet wide, and on the plot there is a dark line running down the center of the street. After the plot was filed, the Paducah Land, Coal & Iron Company made a deed to the Paducah Street Railway Company for a right of way 20 feet wide in the center of the street, and the street railway was built on this right of way. In 1896 the city by ordinance improved the street at the cost of the adjoining property owners, by grading and graveling its entire width, except the portions on the side reserved for sidewalks. The work was done and was paid for. The street railway continued to operate in the center of the street as before until about the time the ordinance in controversy was passed. Its successors then conveyed to the city for street purposes all its rights in the street and took up its tracks. The city after this, by the ordinance in question, ordered a 25-foot driveway to be constructed on either side of the parkway reserved in the center of the street, leaving 10 feet on either side for sidewalks. It was provided in the ordinance that the cost should be paid wholly by the property owners front-

ing the improvement, "except that portion to be paid by the city of Paducah as required by law." The deed by the street railway company of its right of way to the city for street purposes was made pursuant to a contract which contained this provision:

"Upon the delivery of the deed to it, it should operate to release the Kentucky Utilities Company, as successors of Paducah Railway Company, from all liability, if any exists, for any costs of the construction of sewers, and from all liability, if any exists, for the cost of any street improvement under any ordinance now in force or hereafter adopted, except in so far as the terms of the franchise require it to contribute to the costs of street improvement."

Section 3096, Kentucky Statutes, under which the ordinance for the improvement was made, provides, among other things, that "no property shall be exempt from such improvement tax." It is insisted that, as the city owned the grass plot or parkway, it should pay one-half the tax under the statute.

The question turns on whether the city holds the grass plot or parkway in the center of the street as a part of the street, for, if it is a part of the street, it may not be charged with any part of the cost of improving another part of the street. The original plot, made in 1889, shows a street 100 feet wide. It does not clearly show that any part of this street was reserved for any purpose. But, whatever doubt there might be on this as an original proposition, is removed by the subsequent conduct of the parties. In 1896, while the facts were all fresh, the city took possession of the whole street and improved the whole street. Nobody then complained of this. The city has since held possession of the street, subject to the rights of the railway company, and, when the railway tracks were taken up, the rights of the railway company were deeded to the city for street purposes. The city holds all this ground simply for street purposes, and has held it as such, at least since 1896. The fact that the city released the railway company of any obligation it might be under to pay for the improvement of the street adds nothing to the liability of the city; for the liability of the railway company, if any, was only by reason of the fact that it owned a right of way in the center of the street.

The court is unable to see that in principle this case can be distinguished from Huddleston v. Ashland, 217 Ky. 452, 289 S. W. 1091, and Reed v. City of Paducah, 224 Ky. 524, 6 S. W. (2d) 681. The previous ordinance enacted in 1923 was never carried out and was abandoned, being illegal.

Judgment affirmed.