## Board of Education of City of Jackson v. Caudill et al.

(Decided March 22, 1929.)

E. C. HYDEN and A. M. RUSSELL for appellant.

O. H. POLLARD for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

In March, 1923, the school district of the city of Jackson comprised, as permitted by statute, not only the territory included within the limits of the city of Jackson, then and now a fourth-class city, but also some territory surrounding the city, outside of those limits and in the county in which the city of Jackson is located. Pursuant to the statutes covering the annexation of territory to municipalities of the fourth class, the city of Jackson in March, 1923, passed an ordinance proposing to annex certain territory to that town. As required by the statutes, suit was brought in the circuit court for judicial sanction to the proposed annexation, and, no objection or defense having been interposed by those entitled to do so, if they wished, judgment as prayed was entered in July, 1923. In August, 1923, the final step as required by the statutes was taken by the city passing the final ordinance annexing the territory.

In April, 1923, the board of education of the city of Jackson levied a tax for the support of the schools of that school district for the year ending June 30, 1924, and reported its action to the city council of Jackson and to the fiscal court of Breathitt county, as the statute required. These two bodies duly made the levies requested under the statute, and as the law then stood the tax was given, in so far as it affected property within the old limits of the city of Jackson, to the tax collector of that city for collection, and, in so far as it affected the property outside of the old limits of the city of Jackson, to John L. Caudill, then sheriff of Breathitt county. The amount of these tax bills given to Caudill, so far as the present suit is concerned, was $836.93. Later the secretary of the school board, and the one appointed by the school board to settle with Mr. Caudill for these taxes, went over these tax bills with Mr. Caudill, and ascertained the amount to be due under them as above stated. The sheriff at that time paid the school board $300, leaving a balance of $536.93.

It is conceded that the bills which this amount represents were for taxes upon property which, prior to the annexation ordinance we have above mentioned, lay without the city limits of Jackson, but which, after the limits have been extended, lay within the city boundaries. Caudill died in 1925, and thereafter the appellee, Bessie Cau-

dill, was appointed his administratrix. This suit was filed by the school board against Bessie Caudill, as administratrix of her decedent's estate, and the United States Fidelity & Guaranty Company of Baltimore, the surety on John Caudill's bond as sheriff, to recover from them the $536.93 above mentioned. On the trial, at the close of the case, the court peremptorily instructed the jury to find for the appellees, and from the judgment entered on the verdict found in accordance with that instruction this appeal is prosecuted.

The chief ground relied upon by the appellees to sustain the action of the lower court in peremptorily instructing the jury as it did is that the authority of the sheriff to collect taxes for the school board in the territory that lay without the city limits, and which was afterwards included therein by the annexation ordinance, ceased when the property was taken into the city, and therefore he cannot be charged in this suit as appellant seeks to do. It must be remembered that the property was not finally annexed to the city until August, 1923. The taxes here in question had been levied the preceding April. It must not be forgotten that these taxes were school taxes, and when collected were to go to the school board for the support of the schools. They went neither to the county nor the city, but to the school board. At the time these taxes were levied, the city limits of Jackson had not been extended, as they later were, and hence the proper authority to levy the tax on the property within the school district, but outside the city boundaries, was the fiscal court. It had, at the time the tax was levied, the full authority to levy that tax. The tax having been levied, the property and persons upon whom it fell were obligated to pay it, and this obligation did not cease because of the later annexation, since the extension of the city boundaries did not affect the boundaries of the school district, and these taxes were taxes due the school district and not the county or the city.

Section 3587a19 of the Kentucky Statutes, as it appears in the 1922 Edition and before the amendment of chapter 61 of the Acts of 1924, puts the duty of collecting these school taxes *for the school board,* in so far as they are levied by the city, on its city tax collector, and by the county on the sheriff. Under this section of the Statutes, if the taxes are levied by the county, then the sheriff is the tax collector *for the school board* of such taxes, and,

if they are levied by the city, the city tax collector collects them for the school board. As the taxes here in dispute were properly levied by the fiscal court, the statute made the collecting officer the sheriff. His duty to collect the taxes was not affected by the subsequent extension of the boundaries of the city of Jackson. At no time before or after the annexation ordinance did the sheriff collect any taxes for the city. At all times he was the collecting officer of the school board, and his status as such was fixed by the levying of the tax by the fiscal court. The status thus fixed continued until he had fully discharged the duties of collecting that tax. It therefore follows that the court was without authority to give the peremptory, on the ground that the sheriff had no authority to collect the taxes here in dispute.

It is next urged that there was no competent evidence to show that the tax bills in question ever came into the sheriff's hands. It is in evidence that the school board in April made the proper levy, which was followed up as the statute requires by a proper levy on the part of the fiscal court of Breathitt county on the 6th day of April, 1923. It is also in evidence that the tax bills were in the hands of the sheriff. It having been established that the levy was properly made, and that the sheriff had the tax bills in his possession, at least in the absence of any evidence to the contrary, it will be presumed that the proper public officials performed their ministerial duties in making out these tax bills and delivering them to the sheriff, and that the sheriff came into the possession of these tax bills through the proper channels. Appellee says, though, that the testimony to show that the tax bills were in the hands of the sheriff was incompetent, because it rested solely on the statement of the witness E. C. Hyden, without the tax bills being introduced or their loss accounted for.

In the first place, the presentment of the tax bills in court when this case was tried would not have shown that the sheriff had possession of them in 1923, when it is alleged he was collecting these taxes. The fact that the sheriff had the tax bills then necessarily would have to be established by some one who knew that fact. Secondly, the appellee did not object to the question and answer which brought this information out, but, when Mr. Hyden closed his direct examination, the appellees, as the record states, "excepted to all of the testimony of E. C. Hyden." This is not enough. As we said in the case

of T. J. Moss Tie Co. v. Myers, 116 S. W. 255: "Besides there was no objection to the introduction of the sheriff's deed. True there was an exception noted for appellant. But an exception is not enough to raise the question. The evidence must be objected to at the time, as well as excepted to. Subsection 3, sec. 333, Civil Code of Practice; Crabb v. Larkin, 9 Bush, 154; Helburn v. Mofford, 7 Bush, 169; L. & N. R. R. Co. v. Graves, 78 Ky. 74."

But, even if the record be construed as embodying an objection and a ruling of the court, the exception is equally without avail, since it objects to all the testimony of the witness Hyden, and it is settled that, if an objection is directed to the whole testimony of the witness, and any of it is competent, the objection must be overruled. See Bronston's Adm'r v. Bronston's Heirs, 141 Ky. 639, 133 S. W. 584. There can be no question but that part of the testimony of Hyden was competent, and hence the objection to it as a whole was properly overruled. There is no merit in this contention of the appellee.

Complaint is made about the petition being defective. Aside from the fact that the amended petition cured the defects complained of, the answer of the appellees, which was traversed by the appellant, cured the defects, as it introduced just the issues which the appellees say this case in truth involves.

For the reasons hereinbefore set out, the judgment is reversed, with instructions to grant the appellant a new trial in conformity with this opinion.