# Moss et al. v. Andrews Asphalt Paving Company et al.

## (Two cases.)

(Decided May 10, 1929.)

B. T. QUINN and DULIN MOSS for appellants.

JAMES H. POLSGROVE, MORRIS & JONES and FRANK M. DAILEY for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming in part and reversing in part.

These two cases were heard together in the lower court and in this court. As in the main they involve the same questions, they will be disposed of together by this opinion.

These suits were brought by the appellee, Andrews Asphalt Paving Company, against the appellants, Dulin Moss and his wife, to recover on two apportionments for street improvements made in front of two lots owned by the appellants in the city of Frankfort. One of these lots is on Main street, between High and Ann streets. The other of them is at the northwest corner of Todd street and Capitol avenue. We shall refer to these two cases as the Main Street Case and the Todd Street Case, according to the lot involved in the particular case under discussion. The lower court gave judgment in each case for the appellee, not only enforcing the lien of the apportionment on the lots involved, but also fixing a personal liability upon the appellants for the amount of the apportionments. From these judgments these appeals are prosecuted.

So far as the judgments gave the appellee a personal judgment against the appellants, they are erroneous, and to that extent they will have to be reversed. In this character of cases, no personal judgment can be given against the lot owner, and the apportionment must be satisfied by the enforcement of the lien against the prop-

erty therefor. Ormsby v. City of London, 220 Ky. 148, 294 S. W. 1025. We are of opinion, however, that the grounds relied upon for a reversal of these judgments in all other respects, save one in the Todd Street case, cannot be sustained. In their consideration, we shall first address ourselves to the Todd Street case.

## Todd Street Case.

The ordinance providing for the improvement of Todd street authorized its improvement from Steele to Murray streets, but when the council came to let the contracts for the work it split the authorized improvement into three projects, the first covering Todd street from Steele to Shelby streets, the second Todd street from Capitol avenue to Murray street, and the third Todd street from Shelby street to Capitol avenue; this last being the one involved in this case. The contracts were let accordingly. Appellants complain of this division of the authorized improvement and insist that the council had no right to divide it up in this fashion. This contention was held untenable in the case of Andrews Asphalt Paving Co. v. Brammel, 221 Ky. 323, 298 S. W. 956.

Appellants contend next that the contract for the improvement of Todd street in front of their property was void because the city of Frankfort at the time of its letting was too deeply in debt to incur any liability under the Constitution for street intersections, which the ordinance, by which the improvement was authorized, provided should be borne by the city. However, there were no street intersections involved in this contract. The one at Shelby and Todd streets had theretofore been constructed and the intersection at Capitol avenue was not provided for or made. Hence there is nothing upon which appellants can base this contention with reference to this Todd street improvement.

Appellants say next that it was not shown that the letting of this work had been duly advertised, or that proper bids had been taken. They did not rely upon this in their pleadings. Kentucky Statutes, sec. 3457, in part provides that, in actions to enforce the lien of an apportionment, a petition which in substance avers that the improvement has been made and the work accepted pursuant to and by ordinances of the city duly passed in accordance with law, shall be a sufficient pleading of the ordinances and proceedings under which the work was

done and accepted, without setting the same out in full. It necessarily follows that, if the lot owner wishes to rely upon any such failure or defect in the proceedings as appellants say here was the case, it devolves upon him to set it up in his answer. Since appellants failed to do this, their contention in this regard cannot be upheld.

The next contention of the appellants is that the city engineer had not made the estimate of the total cost of this work and apportioned it as required by the statute. Kentucky Statutes, sec. 3455. Under the pleadings in this case, this question was in issue. The ordinance apportioning the cost of this work was introduced in evidence, and by section 1 recites that the engineer's estimate of the cost of improving Todd street was approved. In this state of the record, the court will, at least in the absence of any competent evidence to the contrary, presume that the city engineer performed the duties enjoined upon him by law. See Board of Education of City of Jackson v. Caudill, 228 Ky. 652, 15 S. W. (2d) 452. There is no competent evidence in this record to overcome this presumption, and this contention of the appellants will also have to be denied.

They next say that the contract was invalid because the street improvement stopped some 10 feet short of the intersection of Capitol avenue and Todd street. The ordinance under which the improvement was had provided that the work should be done in accordance with the plans and specifications on file. It is not shown that the plans and specifications did not provide for the construction of this street just as it was constructed. On the contrary, the engineer of the appellee testified that the street had to be constructed as it was, because of the difference in the grades of Todd street and Capitol avenue, and of the necessity of adjusting these grades to each other when Capitol avenue is reconstructed. Under section 3454 of the Statutes, the city council has the right to determine what streets or *parts thereof* shall be improved, and also the extent and character of the improvement. Under a similar statutory provision, the power of the council of the city of Paducah to provide for the paving of a street on either side of a strip 26 feet wide in the center was upheld in the case of Reed v. City of Paducah, 224 Ky. 524, 6 S. W. (2d) 681. That case contains a collection of the authorities bearing on the point.

There is no real distinction between the right to determine what part of the width of a street shall be improved and what part of the length shall. Since it is not shown that the street was not constructed according to the plans and specifications to which the ordinance referred, there is no merit in this contention of the appellants. However, in this connection appellants' argument is sound that the lower court should have given a lien for this apportionment on only so much of their lot which abuts on Todd street as abuts on that part of the street improved. Appellants' lot abuts 97 feet on Todd street. This street was improved only 88.7 feet in front of their lot, the remaining portion being left unimproved for the purpose of adjusting the grades when Capitol avenue is improved. Only property which abuts on the street improved is subject to the lien of the improvement. Cf. R. W. Davis & Co. v. McDonald, 200 Ky. 828, 255 S. W. 833. Hence only 88.7 feet of appellants' lot is subject to this apportionment. The council so recognized this fact, for its apportionment ordinance provided for an apportionment against only 88.7 feet of appellants' lot. The remainder of the lot will be liable for the apportionment of the cost of constructing the 10 additional feet when the grades of Todd street and Capitol avenue are adjusted to each other.

Appellants next urge that their lot is not liable for this apportionment, because the ordinance placed upon the abutting property the cost of making the whole street, including that between and under the street car tracks, instead of putting this cost upon the street car company. This question was expressly decided against appellants' contention in the case of Board of Councilmen, City of Frankfort, v. Morris, 200 Ky. 59, 252 S. W. 142. If appellants wished to take advantage of their claim that a needless amount of concrete for a sufficient and proper support of a street was put under that part of the street where the car tracks are situated, they should have objected before the work was done, and not have stood by, as they did, until the contract was let, the work done, and the street accepted by the city. Under the authorities, it is now too late for them to rely upon this contention. Realty Savings Co. v. Southern Asphaltoilene Road Co., 180 Ky. 242, 202 S. W. 679; Peicke v. City of Covington, 198 Ky. 683, 249 S. W. 1008; City of Springfield v. Haydon, 216 Ky. 483, 288 S. W. 337.

In this connection, appellants also argue that the ordinance granting the street car company a franchise is invalid, wherefore the city was without power to assess the cost of improving that part of the street occupied by the car tracks against the abutting property. This argument cannot avail the appellants anything, for, if the car company was not lawfully in the street, then it lawfully had no property there against which any apportionment could run. This concludes the Todd Street case.

## MAIN STREET CASE.

The ordinance under which this work was done provided for the improvement of Main street from the city limits on the eastern side of the city to St. Clair street, St. Clair street from Main street to the bridge, Bridge street from the bridge to Second street, and Second street from Bridge street to the Louisville pike. The validity of this ordinance was upheld in the case of Board of Common Councilmen of City of Frankfort v. Morris, 209 Ky. 634, 273 S. W. 443. As with the Todd street improvement, the council in letting the contracts divided this authorized improvement into several projects, one being that of Main street from High to St. Clair streets, upon which appellants' Main street lot abuts. The council is sustained in this by the Brammel case, supra. So far as appellants' complaint about this apportionment has to do with the advertisement for and the taking of bids, and the report of the engineer on the cost of the work and its apportionment, it is in no better shape than their like complaint in the Todd street case.

In this Main Street case, however, the contract did call for the construction of a street intersection at Ann street at the city's expense. Appellants assert that under the street improvement program entered into by Frankfort, of which this Main street project was a part, some $18,500 of indebtedness was incurred by the city for street intersections, whereas its income for that purpose during the year in which the indebtedness was incurred, did not exceed $10,000. It is not shown that the various contracts to carry out this street improvement program were all let simultaneously. The contract here involved had but the one street intersection in it, to-wit, that of Ann street. Even under appellants' theory, the city had the income to pay for some street intersections. In the case of City of Covington v. O. F. Moore Co., 218 Ky. 102,

290 S. W. 1066, we held that a taxpayer, attacking a contract of the city on the ground that it created an obligation which exceeded the anticipated revenue, had the burden of showing that the revenues were exceeded at or before the time when the contract was made. Appellants have failed in this case to show that the revenues which might properly, as they concede, be devoted to paying for the cost of street intersections were exceeded at or before the contract here involved was entered into. Hence there is no merit in their contention in this regard.

Appellants make some complaint about the apportionment against their Main street lot of the cost of a part of Main street in front of the Capital Hotel, which is located at the northeast corner of Ann and Main streets. We need not enter into a discussion of whether this cost was properly apportioned or not, since, even if it was not, that would not affect the validity of the ordinance which authorized the work or the contract under which it was done. It would simply authorize a reapportionment, as is expressly stated in Kentucky Statutes, sec. 3457. Nor would we in this case, did we agree with appellants' contention, order such a reapportionment, since it is shown that the total cost of that part of the cost of the street now complained of was about $54, and the appellants' share of it does not amount to as much as $1.50. Under the well-known maxim, "De minimis non curat lex," we would not order a reapportionment for so trivial an amount of benefit to appellants.

Appellants' contention about the cost of the street between and under the tracks of the street car company is the same as his like contention in the Todd Street case, and need not be further considered. The same is true with reference to the franchise of the street car company.

Passing to the next argument of the appellants in support of their position that their lot is not liable for this tax, we find that it is based on the proposition that some years ago the city entered into a contract with the state highway department for the construction of the Midland trail, from where it enters Frankfort at the east to where it leaves Frankfort on the west, on the basis of the highway department paying for half of the work and the abutting property owners for the other half. Main street, between the eastern city limits and St. Clair street, is a part of the Midland Trail. The highway department, conceiving that it had exceeded its powers, refused to carry out the contract. Appellants now argue that the

426

city should have exhausted its legal remedies in an effort to make the highway department perform the contract before going ahead and ordering the work done wholly at the cost of the abutting property. Appellants made no effort to stop the work done under the contract here in question on this or any other ground. If they wished to take advantage of this claim, they should have taken steps before the work was done. As appellants stood by and made no protest, and permitted the contractor to go ahead and do the work, and the city to accept it, it is now too late for them to attempt to take any advantage of this claim, even if it be good, a question we do not decide. Realty Savings Co. v. Southern Asphaltoilene Road Co., supra; Peicke v. City of Covington, supra; City of Springfield v. Haydon, supra.

There are some other minor complaints made by appellants, but they are so without merit that they need no discussion.

The judgments in both cases, in so far as they fasten any personal liability upon the appellants, are reversed, with instructions to eliminate it from them. In so far as the judgment in the Todd Street case enforces a lien on so much of appellants' lot as exceeds 88.7 abutting feet, it is reversed, with instructions to limit the lien to that many abutting feet. In all other respects, the judgments are affirmed.

Whole court sitting.