## Pike County v. Day and Night National Bank of Pikeville.

(Decided November 25, 1930.)

SIDNEY TRIVETTE for appellant.

J. R. JOHNSON for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

The Day and Night National Bank of Pikeville, Ky., brought this action against Pike county to recover judgment on numerous warrants issued or assigned to it, and aggregating the sum of $150,332.93. In addition to the allegations that each of the warrants, together with interest thereon, represented a legal, valid, and binding obligation and indebtedness on the part of the defendant,

and that payment thereon had been demanded and refused, the petition contains the following allegations:

"That as hereinafter more particularly set forth by statements of fact this plaintiff alleges and shows that at the time each item of said indebtedness of said county was incurred the same, together with all other indebtedness of said county theretofore incurred during the same year and not authorized at an election, was not in excess of the income and revenue of said county for such year.

"That at the beginning of the year 1928 said county had outstanding due and unpaid an indebtedness not authorized at an election, in an amount not exceeding $20,000.00; that during said year 1928 said county incurred an aggregate indebtedness not authorized at an election, of not exceeding $31,000.00; and that the aggregate income and revenue of said county for said year 1928 was not less than $185,812.70.

"That at the beginning of the year 1929 said county had outstanding due and unpaid an indebtedness not authorized at an election, in an amount not exceeding $51,000.00; that during said year 1929 said county incurred an aggregate indebtedness not authorized at an election, of not exceeding $68,-900.00; and that the aggregate income and revenue of said county for said year 1929 was not less than $185,158.84.

"That at the beginning of the year 1930 said county had outstanding due and unpaid an indebtedness not authorized at an election, in an amount not exceeding $119,900.00; that during said year 1930 said county incurred an aggregate indebtedness not authorized at an election, of not exceeding $30,100.00; that the aggregate income and revenue of said county for said year 1930 is not available at this time as the Sheriff's settlement and report has not been made for the year 1930 but the aggregate income and revenue of said county for said year 1930 will not be less than $167,700.00."

Pike county filed an answer joining issue. After hearing the evidence the chancellor found that each of the items of indebtedness, together with all other indebtedness incurred by the county during the same year, was not in excess of the income and revenue provided for

204

each of the years in question, and rendered judgment in favor of the bank. The county appeals.

It is not claimed that the evidence is not sufficient to support the chancellor's finding or judgment. The only ground urged for reversal is that the allegations of the petition are not sufficient to sustain the judgment. It is argued that the petition states only conclusions and not facts showing that the indebtedness for each year did not exceed the revenue and income provided for that year. Even if the burden were on the bank, we would be inclined to hold the petition sufficient after judgment, since no demurrer was filed, and the evidence was heard without objection. But the burden was not on the bank. The presumption is that an indebtedness incurred by a county or other municipality, through its officers authorized to contract on its behalf, is within the constitutional limit, and the burden of alleging and proving that the indebtedness exceeded the income and revenue provided for the year in which it was incurred is upon the county or the officer or taxpayer challenging the validity of the indebtedness on that ground. City of Louisville v. Winchester Water Works Co., 149 Ky. 177, 148 S. W. 1, Ann. Cas. 1914A, 1258; City of Louisville v. Gosnell, 61 S. W. 476, 22 Ky. Law Rep. 1524; Carter v. Krueger & Son, 175 Ky. 399, 194 S. W. 553; McCreary County v. J. C. Mayer & Co., 178 Ky. 366, 198 S. W. 909; Conrad v. Pendleton County, 209 Ky. 526, 273 S. W. 57; City of Covington v. O. F. Moore Co., 218 Ky. 102, 290 S. W. 1066; Moss v. Andrews Asphalt Paving Co., 229 Ky. 419, 17 S. W. (2d) 255; King v. Christian County Board of Education, 229 Ky. 234, 16 S. W. (2d) 1053. This burden not having been met by the county, it may not complain of the alleged insufficiency of allegations which it was unnecessary for the petition to contain.

Judgment affirmed.